**Eugene L. MORRIS, Plaintiff,**

v.

**W. C. CARNATHAN, Defendant.**

No. EC 72–92–S.

United States District Court,
N. D. Mississippi, E. D.

April 18, 1974.

Charles C. Finch, D. Briggs Smith, Jr., M. Collins Bailey, Batesville, Miss., Aubrey E. Nichols, Dewitt T. Hicks of Burgin, Gholson, Hicks & Nichols, Columbus, Miss., for plaintiff.

Armis E. Hawkins, Houston, Miss., Claude A. Chamberlin of Houston, Chamberlin & Houston, Aberdeen, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on plaintiff's motion in opposition to the Bill of Costs submitted by defendant, the prevailing party, for taxation by the clerk pursuant to Rule 54(d), F.R.Civ.P.

Rule 54(d) provides that the action of the clerk may be reviewed by the court. The Bill of Costs was filed by defendant with the clerk on January 15, 1974. The clerk did not tax the costs in response to the Bill and plaintiff filed, on January 28, 1974, a motion in opposition thereto.

The matter has been submitted to the court for review upon the record and argument of counsel.

There is attached, as an appendix, an itemization of the Bill of Costs. A reference thereto will reflect that the major items involve fees for witnesses and transcripts of reporter's notes of testimony given on the trial of the action and at the pretrial depositions.

Congress has provided for the taxation of costs by the adoption of a statute in regard thereto. 28 U.S.C.A. § 1920. This statute provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title.

Congress has also provided for the allowance of witness fees. 28 U.S.C.A. § 1821. This statute provides in pertinent part:

A witness attending in any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall receive $20 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 10 cents per mile for going from and returning to his place of residence.

The leading precedent on the issues before the court is the case of Farmer v. Arabian American Oil Co., 85 S.Ct. 411, 379 U.S. 227, 13 L.Ed.2d 248 (1964). The opinion was written by Mr. Justice Hugo Lafayette Black, who served the court with distinction for a period of 34 years prior to his death September 25, 1971. Several cardinal rules were established by the opinion. In discussing the impact of Rule 54(d), F.R.Civ.P.,[1]

---

1. Rule 54(d) F.R.Civ.P. provides:
    Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but

Mr. Justice Black said:

We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. *Items proposed by winning parties as costs should always be given careful scrutiny.* Any other practice would be too great a movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. *Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.* Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation. (Emphasis supplied). 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d at 254, 255.

▮ Mr. Justice Black recognized the universally accepted rule that the district court is vested with a sound discretion as to the allowance of costs, except when the matter is controlled by a federal statute. Rule 54(d) F.R.Civ.P.; Wright and Miller, Federal Practice and Procedure, Civil § 2668, at 139, et seq.; Ida Mae Hollingsworth v. Illinois Central Gulf Railroad Company, (N.D.Miss. DC 72–7–K, January 3, 1974).

## WITNESS FEES

▮ It is the opinion of the court that all persons, other than the parties, who have testified in the case, or who have been in actual personal attendance upon the court, either at trial or on deposition, are entitled to $20.00 for each day's attendance. There may be circumstances in which the parties abuse the witness privilege, but such circumstances are not shown to be present in the action sub judice. Applying this standard to the facts peculiar to the action sub judice, the court finds that fees for witnesses are properly included in the Bill of Costs, as will be hereinafter set forth.

▮ *Ronald Smith,* one day, or $20.00. The Bill of Costs charges two days for this witness. The record shows that Mr. Smith testified on the last or fourth day of the trial. He was permitted to remain at his place of employment subject to call during the first three days. He was in attendance upon the court only one day.

*Donald Harrison,* one day, or $20.00. Mr. Harrison testified on the second day of the trial, but was not in attendance the first day. Mr. Harrison, as in the case of Mr. Smith, was permitted to remain at his place of business, subject to call when needed.

▮ *Charles Pruett* and *Richard Joseph* resided in Aberdeen. Although subpoenaed as witnesses, they were never called to testify and were not required to be in attendance upon the court. They were permitted to remain at their post of duty, subject to call. Defendant paid each of these witnesses a per diem of $20.00 upon service of the subpoena. Defendant is entitled to recover such expenditures. The witnesses are not entitled to additional compensation.

▮ *Mack Godsey* was subpoenaed as a witness. He was in attendance upon the court for the entire trial. Counsel for defendants decided that Godsey would not be called to testify. He was released at the conclusion of the trial. No facts have been submitted to the court upon which the court would be justified

---

costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

in holding that counsel for defendant acted other than in good faith in retaining Godsey at the trial. Under such circumstances a witness fee for each of the four days of trial will be allowed, as well as mileage in the sum of $20.00 for 200 miles travel at 10¢ per mile.

Those witnesses, other than the parties, who appeared for depositions, are entitled to fees as follows:

| | |
|---|---|
| Mrs. Mabel Carnathan | $ 20.00 |
| Jim Carnathan $20.00 witness fee plus mileage $3.40 | 23.40 |

Defendant has claimed as an item of costs the deposition fees charged by several medical doctors who treated and/or examined plaintiff. These are:

| | |
|---|---|
| Dr. Edward C. Seagerson, discovery deposition, July 31, 1973 | $100.00 |
| Dr. Richard A. Miller, discovery deposition, July 31, 1973 | 100.00 |
| Dr. Richard A. Miller, deposition, September 11, 1973 | 150.00 |
| Dr. Matthew Wood, deposition September 10, 1973, including fee for examination of plaintiff under court order | 190.00 |
| Dr. Ralph Williams, deposition July 31, 1973 | 100.00 |
| Total | $640.00 |

The question which confronts the court with regard to these fees is whether defendant is entitled to a cost allowance for deposition fees which he has paid to medical doctors who either treated or examined plaintiff for his alleged injuries. Section 1821, supra, fixes the witness fee at $20.00 per day for an appearance before any officer authorized to take the deposition of the witness pursuant to any rule or order of the court. Plaintiff agrees that such an allowance is proper but objects to the allowance of "expert witness" fees for the doctors who were deposed by defendant. The court is of the opinion that the objection is well taken. There may be cases which involve unusual or extraordinary circumstances and which would require the court, in its discretion and in the interest of justice and fair play, to make an allowance in excess of the statutory amount. This action is not, however, such a case.

The Fifth Circuit in Green v. American Tobacco Company, 304 F.2d 70 (1962), considered the allowance by the district court, as an item of costs, of expert witness fees of $100.00 each for nine medical doctors who testified as experts in the case. In reversing the district court, Judge Rives, speaking for the court, said:

Under the present statute, 28 U.S. C.A. § 1821, the district court had no authority to tax costs for compensation to any expert witness in excess of the statutory attendance per day,

mileage and subsistence allowance. The cost judgment is therefore reversed for entry by the district court of a judgment in accordance with this opinion. 304 F.2d at 77.

See, Baum v. United States, 432 F.2d 85, 86 (5th Cir. 1970), where the court said "[E]xpert witness fees, above subsistence and travel, will not be taxed against the losing party"; see, Gerber v. Stoltenberg, 394 F.2d 179 (5th Cir. 1968).

In Wright and Miller, Federal Practice and Procedure, Civil, § 2678, at 236, 237, the authors state:

> Finally, despite a few early decisions to the contrary, it seems well settled that a party's expert witnesses are entitled only to the regular statutory witness fees allowed by Section 1821 and that no costs will be allowed for any extra tests that the prevailing party might conduct in the hope of circumventing this restriction. The rationale for limiting witnesses to one fee is set out in a Senate Report and amounts to a finding that a graduated fee scale would not be feasible for the courts to administer.

■ In the usual and ordinary case, expert witness fees in excess of the statutory amount are not allowable as costs.

## COSTS OF TRANSCRIPTS

The issue involving the allowance, as an item recoverable by the prevailing party, of the cost of·a transcript of testimony given at trial or on depositions is governed by statute in an action such as the one sub judice, that is a legal action, as distinguished from an equitable one. United States v. Kolesar, 313 F.2d 835, 837 (5th Cir. 1963); McWilliams Dredging Company v. Department of Highways of Louisiana, 187 F.2d 61 (5th Cir. 1951). Thus, an allowance must be made, if at all, pursuant to the provisions of 28 U.S.C.A. § 1920(2). This statute provides that the clerk of any court of the United States may tax as costs "[f]ees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case.*" (Emphasis supplied). The United States Court of Appeals for the Fifth Circuit has held that the words "court reporter", as used in the statute includes by implication a "reporter-stenographer actually taking the deposition [who] is not the official court reporter of that particular Court". United States v. Kolesar, *supra*, at 838.

In *Kolesar* the clerk's taxation of costs against the United States, the losing party, included the cost of copies of pretrial depositions. The district judge sustained the taxation of costs by the clerk over the objection of the Government. The Fifth Circuit affirmed. The court recognized the question to be "[W]hether in the particular circumstances of a specific case, there is a reasonable need that counsel have a copy"[2] of the deposition. In disposing of the issue the court said:

> What this means, of course, is that someone must determine in the particular context of a specific case just what depositions have been necessary. No one is better equipped for that than the trial Judge. Thus while we reject Judge Hincks' thesis that forbids the cost of a copy of any deposition altogether as a flat inexorable prohibition, we do not by reflex action establish a rule of like rigidity in the opposite direction. On the contrary, we keep it as flexible as the concept of necessity requires. The trial Judge must determine whether all or any part of a copy of any or all of the depositions was "necessarily obtained for

2.  313 F.2d at 840.

use in the case." In that evaluation, great latitude and discretion must be accorded the Judge. Reversal will require an abuse of discretion.

.    .    .    .    .    .

The Judge who has nurtured this case from inception to successful end thought that this responsible lawyer had a real need for copies of these depositions. We can think of no better person or any finer method to make that judgment.[3]

Applying the rules established by *Kolesar*, the court makes the findings which follow.

Pretrial depositions of the parties and some of their witnesses were taken by the parties. The defendant paid Mrs. Doyle Smothers, reporter-stenographer, for copies of pretrial depositions as follows:

| Deponent | Date | Amount |
|---|---|---|
| E. L. Morris, Plaintiff | Aug. 24, 1973 | $301.95 |
| W. C. Carnathan, Defendant | April 26, 1973 | 23.20 |
| Richard Joseph, Carter Dobbs, Delores Bird and Charles Pruett | Oct. 5, 1973 | $ 33.60 |
| Total | | $358.75 |

———◆———

The court cannot find from the record and from his knowledge of the proceedings that defendant had a real need for a copy of either of these depositions. Defendant did not use, on the trial of the action, the depositions of either Joseph, Dobbs, Bird or Pruett, and used only sparingly the depositions of plaintiff. There was no need for defendant to use his own deposition, except for pretrial review.

The costs of copies of the depositions just mentioned, amounting to $358.75, will not be allowed.

Defendant paid Ms. Golda A. McDaniel, reporter-stenographer, the sum of $32.00 for a copy of the pretrial depositions of his wife, Mabel Carnathan, and his son, Jim Carnathan, taken by plaintiff on October 2, 1973. Both of these witnesses testified for defendant at the trial. The defendant did not have a real need at the trial for the use of these depositions. This charge will be disallowed.

Defendant paid to Ms. Glenda Dowden, reporter-stenographer, the sum of $81.30 for a copy of the pretrial deposition of plaintiff taken by defendant on October 15 and 16, 1973. This item is not, in the opinion of the court, a proper charge in the Bill of Costs.

Plaintiff paid to Patsy Webber & Associates the sum of $572.10 for pretrial depositions of several medical doctors and the Medical Records Librarian. An itemization of this charge is contained in the appendix and need not be repeated here.

The record reflects that on July 31, 1973 defendant took the deposition of three medical doctors who had treated plaintiff for his alleged injuries—Edward C. Seagerson, M. D., Van Ralph Williams, M. D. and Richard A. Miller, M. D. These depositions were described by defendant as "discovery depositions". The aggregate costs amounted to $227.70. Thereafter, the depositions of the same doctors were taken for evidentiary purposes. Plaintiff deposed Drs. Seager-

3. Id. at 840.

son and Williams; defendant deposed Dr. Miller. In the taking of these depositions counsel made extensive use of the former "discovery depositions". The costs for the "evidentiary depositions" amounted to $241.00. Defendant supports his claim for the allowance of the costs of the three "discovery depositions" with the argument that the depositions were necessary to form a basis for the taking of the "evidentiary depositions". To sustain defendant's position on this point the court would be required to adopt a rule that the costs which a prevailing party can recover from his adversary should include all costs reasonably necessary to be incurred in the preparation of the prevailing party's case. This view has never been adopted in this jurisdiction.

The costs of the copies of the so called "discovery depositions" will not be allowed as items of costs. The court does not find such charges to be proper ones to include in the Bill of Costs.

Dr. Seagerson testified as a live witness at the trial. The deposition of Dr. Williams was introduced in evidence at the trial by plaintiff. The depositions of Drs. Wood and Miller were introduced by defendant. It appears that a real need existed for defendant to use the pretrial deposition of Dr. Seagerson in order to cross examine him at the trial. There was a sharp issue in the evidence as to the severity of the injuries, if any, which were suffered by plaintiff in the altercation which formed the basis of the action. Dr. Seagerson was plaintiff's main medical witness. The pretrial deposition was needed in order for defendant's counsel to conduct a knowledgeable cross examination of the witness. In order to properly defend the action before the jury, defendant was compelled to use the "evidentiary depositions" of Doctors Wood and Miller.

It is the considered judgment of the court that the Bill of Costs should include the cost to defendant of the copies of the "evidentiary depositions" of Drs. Seagerson, Wood and Miller, amounting in the aggregate $240.00, and the deposition costs attributable to the Medical Records Librarian in the sum of $29.40. The Bill of Costs should also include the charge for a copy of the medical record at the hospital where plaintiff was confined, amounting to $22.00.

## TRANSCRIPT COSTS DURING TRIAL

During the trial defendant ordered from the court reporter a transcript of the testimony of plaintiff to be used by counsel in the cross-examination of plaintiff's medical witnesses. The costs of the transcript, amounting to $54.00, has been included in defendant's Bill of Costs. While not properly classified as "daily copy", the transcript is so akin thereto as to be governed by the same rule of law. The Supreme Court had "daily copy" costs under consideration in Farmer v. Arabian American Oil Co., *supra*, and sustained the district court's refusal to include such in the Bill of Costs. The court concludes, for reasons similar to those advanced by Mr. Justice Black in that case, that this item should not be allowed as a part of the costs for which plaintiff is liable.

## MARSHAL FEES

The defendant paid to the United States Marshal, Western District of Tennessee, the sum of $17.00 for service of subpoenas on the several medical doctors who were deposed on July 18 and 26, 1973, at Memphis, Tennessee. This charge is clearly proper under the statute, 28 U.S.C.A. § 1920(1), as are the fees for the marshal of this court in the sum of $16.84, as set forth in the Bill of Costs.

### CONCLUSION

The court sustains plaintiff's objection to the Bill of Costs submitted to the clerk by defendant except in the particulars as follows:

Allowance is made for the following:

| | | | |
|---|---|---:|---:|
| 1. | Fees for marshal | $ 16.84 | |
| | Fees for marshal | 17.00 | |
| | | | $ 33.84 |

2. Fees for witnesses:

| | | |
|---|---:|---:|
| a) Charles Pruett, 1 day attendance advanced by defendant | $20.00 | |
| b) Ronald Smith, 1 day attendance | 20.00 | |
| c) Donald Harrison, 1 day attendance | 20.00 | |
| d) Richard Joseph, 1 day attendance advanced | 20.00 | |
| e) Mack Godsey, 4 days attendance $80.00, mileage $20.00 | 100.00 | |
| f) Mrs. Mabel Carnathan, 1 day deposition attendance | 20.00 | |
| g) Jim Carnathan, 1 day deposition attendance, $20.00, mileage $3.40 | 23.40 | |
| h) Dr. Edgar C. Seagerson, July 31, 1973, deposition | 20.00 | |
| i) Dr. Richard A. Miller, July 31, 1973, deposition | 20.00 | |
| j) Dr. Richard A. Miller, Sept. 11, 1973, deposition | 20.00 | |
| k) Dr. Matthew Wood, Sept. 10, 1973, deposition | 20.00 | |
| l) Dr. Van Ralph Williams, July 31, 1973, deposition | 20.00 | |
| | | 323.40 |

| | | |
|---|---|---:|
| 3. | Costs of hospital records | 22.00 |

4. Deposition costs:

| | | |
|---|---:|---:|
| a) Deposition of Mrs. Brenda Burke, July 20, 1973 | $ 29.40 | |
| b) Deposition of Dr. Edgar C. Seagerson, Aug. 16, 1973 | 91.00 | |
| c) Deposition of Dr. Ralph A. Miller, Sept. 11, 1973 | 75.00 | |
| d) Deposition of Dr. Matthew Wood, Sept. 10, 1973 | 74.00 | |
| | | 269.40 |
| Grand Total Allowed By Court | | $648.64 |

An appropriate order will be entered by the court.

Appendix to follow.

APPENDIX

BILL OF COSTS ITEMIZATION

1. Fees for the marshal           $   16.84

2. Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case      54.00

3. Fees for witnesses:

| | | |
|---|---:|---:|
| Charles Pruett, 1 day attendance | $ 20.00 | |
| Ronald Smith, 2 days attendance | 40.00 | |
| Donald Harrison, 2 days attendance | 40.00 | |
| Richard Joseph, 3 days attendance | 60.00 | |
| Mack Godsey, 4 days attendance $80.00, plus mileage for 200 miles at 10¢ per mile $20.00 | 120.00 | |
| Total | | 280.00 |

4. Costs incident to taking of depositions:

1) Paid to U. S. Marshal, Western District of Tennessee for service of subpoenas on Memphis Physicians for depositions on July 18, 1973 and July 26, 1973      17.00

2) Paid to Mrs. Doyle Smothers, Court Reporter, for the following:

| | | |
|---|---:|---:|
| a) Discovery deposition of E. L. Morris on August 24, 1973 | $301.95 | |
| b) Copy of Defendant's discovery deposition on April 26, 1973 | 23.20 | |
| c) Copy of discovery depositions of Richard Joseph, Carter Dobbs, Delores Bird, and Charles Pruett | 33.60 | |
| | | 358.75 |

3) Paid to Medical Records Abstract Service of St. Joseph Hospital for copy of medical records subpoenaed with deposition of Mrs. Brenda Burke, Medical Records Librarian, St. Joseph Hospital, Memphis, Tennessee      22.00

4) Paid to Golda A. McDaniel, Court Reporter, for copy of deposition of Jim C. Carnathan and Mabel Carnathan on October 2, 1973      32.00

5) Paid to Mrs. Glenda Dowden, Court Reporter, for discovery deposition of E. L. Morris, on October 15, 1973, and October 16, 1973      81.30

BILL OF COSTS ITEMIZATION—Continued

6) Paid to Patsy Webber & Associates, Court Reporters, as follows:

  a) Deposition of Dr. Edward C. Seagerson on July 31, 1973    $ 96.60

  b) Deposition of Dr. Van Ralph Williams, on July 31, 1973    79.05

  c) Deposition of Dr. Richard A. Miller on July 31, 1973    52.05

  d) Deposition of Mrs. Brenda Burke, on July 20, 1973    29.40

  e) Deposition of Dr. Edward C. Seagerson, on August 16, 1973    91.00

  f) Deposition of Dr. Van Ralph Williams, on August 16, 1973    75.00

  g) Deposition of Dr. Ralph A. Miller, on September 11, 1973    75.00

  h) Deposition of Dr. Matthew Wood, on September 10, 1973    74.00

     572.10

for witness fee for discovery deposition on July 31, 1973    100.00

8) Paid to Dr. Richard A. Miller for witness fee for discovery deposition on July 31, 1973    100.00

9) Paid to Dr. Richard A. Miller for witness fee for deposition on September 11, 1973    150.00

10) Paid to Dr. Matthew Wood for physical examination of Plaintiff and for deposition on September 10, 1973    190.00

11) Paid to Dr. Van Ralph Williams for witness fee for deposition on July 31, 1973    100.00

     1,723.15

covery deposition taken on April 26, 1973    $ 20.00

6. Witness fee of Mrs. Mabel Carnathan for discovery deposition taken on Oct. 2, 1973    20.00

7. Witness fee Jim Carnathan discovery deposition taken on October 2, 1973    20.00

8. Mileage—Jim Carnathan discovery deposition taken on October 2, 1973    3.40

     63.40

TOTAL    $2,137.39