Mrs. Vera Maxine ROWLAND, Plaintiff,

v.

J. L. KITCHENS, d/b/a Kitchens Oil Company, Defendant.

No. DC 73-2-S.

United States District Court,
N. D. Mississippi,
Delta Division.

July 8, 1974.

Charles C. Finch, Batesville, Miss., for plaintiff.

Elzy J. Smith, Sullivan, Smith & Hunt, Clarksdale, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendant's objection to the Bill of Costs submitted to the clerk for taxation by plaintiff pursuant to Rule 54(d), F.R. Civ.P.[1]

Plaintiff recovered a judgment against defendant as the result of a jury trial on March 19, 1974, and has submitted her Bill of Costs to the clerk for tax-

ation as provided in the rule aforesaid. The Bill includes the following:

| | |
|---|---|
| Fees of the Clerk | $ 15.00 |
| Fees of the Marshal | 9.24 |
| Fees for Witnesses | 1,073.20 |
| Fees for exemplification and copies of papers (Photographs——50 at $2.00 each) | 100.00 |
| Costs incident to taking depositions | 1,010.95 |
| Total | $2,208.39 |

The objections of defendant relate to all items except the fees of the clerk and marshal.

In the response to defendant's objections, plaintiff withdrew some of the items which are included in the original Bill of Costs. These items are:

Witness Fees and Mileage:

| Name of Witness | Amount |
|---|---|
| 1) Wayne Darby | $ 27.20 |
| 2) Jerry Camburn | 76.00 |
| 3) Mrs. Jerry Camburn | 76.00 |
| 4) Jim Luna | 75.20 |
| 5) Dennis Rowland | 72.40 |
| 6) Mrs. Dennis Rowland | 72.40 |
| 7) Dr. H. Nelson Hamilton (Amount claimed $200.00, reduced to $20.00, leaving a reduction of $180.00) | 180.00 |
| 8) Dr. Robert Barnett (Amount claimed ($154.60, . reduced to $20.00, leaving a reduction of $134.60) | 134.60 |
| Total amount of withdrawal by plaintiff as to witness fees and travel allowance | $713.80 |

The depositions of Drs. Hamilton and Barnett were introduced at the trial. An allowance of a witness fee of $20.00 for each of them is proper.

After the concessions made by plaintiff as to the fees and travel allowances for the above named witnesses there remains for the court's consideration the propriety of the approval of attendance

---

1. Rule 54(d) F.R.Civ.P. provides:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

fees and travel allowances for the following witnesses:

| Name of Witness | Amount |
|---|---|
| 1) Joe Dettor [2] | $ 27.20 |
| 2) J. L. Kitchens [2] | 27.20 |
| 3) Aubrey Howe | 27.20 |
| 4) Shelton Vance | 27.20 |
| 5) L. H. Mitchell | 27.20 |
| 6) Grady Browning | 32.40 |
| Total | $168.40 |

The witness Dettor was not a party to the suit although plaintiff contended that the defendant was vicariously liable for his conduct. In support of her request for the approval of witness fees and travel allowances for the witnesses Dettor, Kitchens and Vance, plaintiff contends that she was compelled to subpoena these witnesses for the trial in order to prove the agency of Dettor and that they were not used for the reason that after the trial commenced defendant removed the issue from the consideration of the jury. Under such circumstances, the court finds that the expense attendant to the subpoenaing of these witnesses is a proper item of costs.

The witness Grady Browning was subpoenaed by both parties. Plaintiff did not use Browning, but he was used by defendant. Under such circumstances the expense incurred by plaintiff in subpoenaing Browning is not a proper item to be taxed against defendant.

Plaintiff endeavors to justify the costs for the attendance of the witnesses Howe and Mitchell on the grounds that, though they were not used, their attendance was reasonably required for use as rebuttal witnesses. Howe and Mitchell investigated the accident as policemen of the City of Batesville. Plaintiff contends they were necessary standby witnesses for use in rebuttal should it become necessary to refute evidence offered by defendant as to the details of the collision. The burden rested upon plaintiff to establish by the evidence that defendant's driver was negligent in the operation of defendant's truck and that such negligence proximately contributed to her injuries. Thus, it would appear that these witnesses were proper witnesses for plaintiff to use in her case in chief. The court is of the opinion that the defendant's objection in this instance is well taken.

The parties have cited to the court, in connection with the witness attendance fee and travel allowance issue, the court's own opinion in Morris v. Carnathan, EC 72–92–S, decided April 14, 1974, 63 F.R.D. 374, and Chief Judge William C. Keady's Memorandum Order in Smith v. Marascalco, DC 72–38–K, entered June 11, 1973.

In Morris v. Carnathan, the court was confronted with the propriety of the approval as an item of taxable costs the attendance fees and travel allowances for a witness who had been subpoenaed by defendant. This witness was not used at the trial. The item involved four days attendance and mileage. The allowance amounted to $100.00 ($80.00 witness fees and $20.00 mileage). The jury found a verdict for defendant, and plaintiff, as the unsuccessful litigant, was taxed with the costs. Defendant urged the allowance of the fees as a part of the taxable costs, asserting that in order to properly defend the action it was necessary for the witness to remain in attendance at the trial and it was not until the last day that a decision was made that the testimony of the witness would not be needed. In approving the allowance the court said: "[N]o facts

2. Plaintiff charged in her complaint that defendant Kitchens was liable for her injuries because Joe Dettor, the driver of defendant's truck, at the time of the collision, was the agent, servant and employee of Kitchens, and, at the time, was engaged in and about Kitchens' business. Defendant denied the relationship until the morning of the trial, at which time he announced to the court through counsel that he conceded the relationship and would not contest the issue.

have been submitted to the court upon which the court would be justified in holding that counsel for defendant acted other than in good faith in retaining [the witness] at the trial". Although the court was convinced that the peculiar circumstances surrounding the issue justified the allowance, the quoted portion of the opinion seems to establish a rule that in such instances, in order to avoid the taxation of the attendance fees and mileage for a witness as a part of the costs, the losing party has the burden of showing bad faith on the part of the litigant who procured and retained the attendance of the witnesses. That rule appears to be in conflict, at least to a degree, with Judge Keady's holding in Smith v. Marascalco, where he said:

> We begin our analysis of plaintiff's bill of costs by reciting that "allowance of costs to the prevailing party is not obligatory. Other than when the matter is controlled by federal statute or rule, the court is vested with a sound discretion by Rule 54(d), which extends to all civil actions and embodies a practice long recognized in equity." 10 Federal Practice and Procedure § 2668, p. 139.

> Guided by this general proposition, we are of the view that defendant's objection to the allowance of witness attendance fees ($20 each) for Arthur Kelly and Melba Powell is well taken. Neither of these persons testified at trial, and, although there is authority to the contrary, we believe the better view is that attendance cost for witnesses who do not testify ordinarily should not be taxable, there being a presumption that such witnesses were not necessary for establishment of the prevailing party's case. 10 Federal Practice and Procedure § 2678, p. 230.

In instances where a witness is under subpoena and required to be in attendance at trial, but is not used, the court is required to make a difficult decision when there is an objection to taxing the attendance fee and mileage of the witness at costs against the losing party.

The general rule seems to be that "[o]rdinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that he was not a necessary witness". 10 Wright and Miller, Federal Practice and Procedure: Civil Sec. 2678, page 230. Judge Keady seems to have followed that rule in Smith v. Marascalco.

A careful study of the question convinces the court that the correct rule is the one contained in the above quotation from Wright and Miller notwithstanding the language used by the court in Morris v. Carnathan.

■ It is clear, however, that once a witness is subpoenaed and is in attendance at trial, such witness is entitled to an allowance for every day he is required to remain in attendance, travel expenses, and other lawful allowances. If the expense cannot be taxed to the losing party because of non-use, the party at whose instance the witness has been subpoenaed will be liable therefor. The court is not concerned here with such an issue.

■ Plaintiff has included a charge of $100.00 in the Bill of Costs to cover the expense of blown-up photographs of portions of medical depositions introduced in evidence. These were prepared for use of counsel in the final arguments. The court does not believe, however, that this item of expense constitutes a proper charge.

The final issue concerns deposition costs. Plaintiff has withdrawn the charges made for the costs incurred for copies of the depositions of Drs. Lovelace and Carlson. The depositions of these doctors were taken and paid for by defendant. This item amounted to $35.-00.

■ Plaintiff took the pre-trial deposition of Joe Dettor, defendant's agent.

Dettor was subpoenaed for trial by both parties but he was not used. The reporter's charge for taking the deposition and for the original of the transcript amounts to $49.00. This charge, in the opinion of the court, is not a proper one. The balance of the reporter's charge in connection with this deposition appears to be for a copy of the deposition ordered by plaintiff. The entire charge for Dettor's deposition amounting to $66.00 will be disallowed.

■ As a part of the Bill of Costs plaintiff has charged the expenses incurred in taking the depositions of Dr. Hamilton ($114.55); Dr. Williams ($114.40) and Dr. Barnett ($77.20). Defendant agreed that to the extent these charges reflect the reporter's appearance fee and costs of the original deposition—the same are proper. The reply of plaintiff to defendant's objections reflects that the charge in each instance is for the original deposition. Assuming this to be true, these expenses are allowable.

Plaintiff is, however, directed to submit verification of each charge to counsel for defendant within ten (10) days from the date of the entry of the order; otherwise, the same will be disallowed.

■ As to the charge for the deposition of Dr. Canale, amounting to $149.20, defendant asserts that he paid the reporter for the cost of the deposition. In such event the charge by plaintiff is improper. If the proposed charge represents the costs of a copy of the deposition, the same is not an allowable item in the context of the action sub judice.

The Bill of Costs shows that the costs of the deposition of Dr. Boals is included in the above mentioned charge of $149.20. In plaintiff's reply to the objections, she lists an original deposition costs for Dr. Boals amounting to $123.35. To the extent this charge represents the costs of the original deposition, it is allowable. However, plaintiff is required to produce evidence of this charge and the payment thereof, before

it can be allowed. Plaintiff is directed to furnish defendant with the required evidence within ten (10) days from the entry of the order; otherwise, the same will be disallowed.

■ There is a charge of $100.00 shown in the Bill of Costs under costs incident to taking of depositions to have been paid to Memphis Orthopedic Group, Memphis, Tennessee. This item seems to represent a fee of some kind paid to this group. As such a payment the charge is not allowable.

The court will enter an order directing plaintiff to present the clerk with an amended Bill of Costs which will reflect the court's action on defendant's objections as contained in this memorandum.