W. E. FELTS, Gene A. Gist, Clarence Bennett, William Moyle, James F. Park, Sr., Mrs. Lige Brunson, John F. Harper, Judy Harper, J. H. Franklin, Herbert S. Wooley, S. M. Cornwall, Bobby F. Clay, H. Douglas Ivy, Earl J. Winn, Plaintiffs,

v.

NATIONAL ACCOUNT SYSTEMS ASSOCIATION, INC., Starco Corporation, Jackson Warehousing and Certifying, Inc., Edward J. Peters, Charles J. Steen, Geraldine Steen, James Carroll Fuller, Robert B. Dukes, Jr., L. C. Schmidt, Andrew D. Andrews, the London Guarantee and Accident Company of New York, John Doe(s), Defendants.

No. GC 75–151–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

June 4, 1979.

Luke Dove, Chill, Chill & Dove, Jackson, Miss., for plaintiffs.

Robert H. Taylor, Royals & Taylor, Henderson S. Hall, Jr., Wise, Carter, Child, Steen & Caraway, Jackson, Miss., for defendants.

## MEMORANDUM ORDER

ORMA R. SMITH, District Judge.

Plaintiffs have filed a motion to review and disallow costs pursuant to Fed.R.Civ.P. 54(d) wherein they object to the allowance of the only item of costs contained in the Bill of Costs submitted by defendants A. J. Gazaway and Cummings, Gazaway & Scott, Inc. (hereafter sometimes referred to as the Gazaway Defendants). The item pertains to the costs incident to the taking of depositions and amount to $1,437.73. The depositions are itemized as follows:

| | |
|---|---|
| Edward J. Peters | $ 326.40 |
| C. Gazaway, T. Patterson, T. McQueen, M. Flowers, A. Anderson and J. Garner | 721.33 |
| Andrew D. Andrews | 60.40 |
| James C. Fuller, Charles Steen and Geraldine Steen | 115.25 |
| Mr. and Mrs. Charles Steen | 214.35 |
| Total | $1,437.73 |

The allowance of costs incident to the taking of depositions is governed by 28 U.S.C. § 1920(2), *Morris v. Carnathan*, 63 F.R.D. 374, 379 (N.D.Miss.1974). The section provides:

A judge or clerk of any court of the United States may tax as costs, the following:

.     .     .     .     .

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

None of the depositions listed above were taken upon the notice and at the instance of the Gazaway Defendants; all were taken at the instance of the plaintiffs. Thus, the Gazaway Defendants do not seek to tax as costs against plaintiffs the court reporter's fees and the costs of the original of each deposition because apparently the plaintiffs paid these costs. Instead, the Gazaway Defendants seek to tax plaintiffs with the costs of copies of the depositions and in some instances the costs of "daily copy" of part of the depositions, the postage for mailing the copies to the Gazaway Defendants and the costs of photocopying the exhibits introduced with the depositions.

The Gazaway Defendants were dismissed from this action after the court sustained their motion for summary judgment. Counsel for the Gazaway Defendants has filed an affidavit wherein he states that he used the copies of the depositions either when preparing the summary judgment motion, the oral argument presented in support of the motion or a letter brief which was submitted to the court after the motion had been briefed and argued.

The issue is not whether the copies of the depositions were used by the Gazaway Defendants in preparing their summary judgment motion but whether the court finds that all or any one of the copies were "necessarily obtained for use in the case". *Morris, supra*, 63 F.R.D. at 379–80. After examining the motion for summary judgment and the memoranda submitted in support of the motion, the court finds that none of the copies of the depositions were necessary for the preparation of the motion. The Gazaway Defendants relied on only 3 of the 12 depositions listed above—the depositions of Gazaway, McQueen and Flowers—in their argument in support of the summary judgment motion and actually cited only 11 pages of the 192 pages in the Gazaway deposition, 6 pages of the 94 pages of the Flowers deposition and 4 pages of the 120 pages of the McQueen deposition in their argument. The court believes that the information contained in these few pages of

the depositions could have easily been obtained by the Gazaway Defendants and presented to the court in affidavits. The deponent Gazaway was one of the defendants and one of the movants for summary judgment. Deponents McQueen and Flowers were employees of the defendant Travelers Insurance Company, which had also filed a motion for summary judgment at the time that the Gazaway Defendants had filed their motion and which was granted summary judgment at the same time as the Gazaway Defendants' motion for summary judgment was sustained.

For the foregoing reasons, the court finds that the copies of the depositions listed in the Bill of Costs were not necessarily obtained for use in presenting to the court the motion for summary judgment and therefore plaintiffs' motion should be sustained and the costs disallowed.

Accordingly, it is hereby ORDERED:

(1) That plaintiffs' motion to review and disallow costs is sustained; and

(2) That the item of costs totalling $1,437.73 for costs incident to taking of depositions listed in the Bill of Costs filed by defendants A. J. Gazaway and Cummings, Gazaway and Scott, Inc., is disallowed.