**James H. PATE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. EC 79-17-OS-P.

United States District Court, N. D. Mississippi, E. D.

Jan. 5, 1981.

W. P. Mitchell, Mitchell, Rogers, Esk-
ridge, Voge & Clayton, Tupelo, Miss., for
plaintiff.

Charles S. Tindall, III, Lake, Tindall,
Hunger & Thackston, Greenville, Miss., for
defendant.

### MEMORANDUM OF DECISION AND ORDER

ORMA R. SMITH, Senior District Judge.

Defendant, the prevailing party in this
action, filed its Bill of Costs for taxation by
the clerk on September 19, 1980. Rule
54(d), Fed.R.Civ.P. The clerk taxed the
costs on September 23, 1980, in the sum of
$2,286.50. The Bill of Costs reflects the
following:

| | | |
|---|---|---:|
| 1. | Fees for the clerk ............ $ | 15.00 |
| 2. | Fees of the Marshal ........... | 60.16 |
| 3. | Fees for Court Reporter for all or any part of the transcript necessarily obtained for use in the case .................... | 1414.50 |
| 4. | Fees for witnesses ............ | 766.84 |
| 5. | Docket fees under 28 USC § 1923 | 30.00 |
| | **TOTAL** | **$2286.50** |

Plaintiff's objections to the clerk's allow-
ance of the costs were filed September 26,
1980.

A. *FEES FOR COURT REPORTER
FOR ALL OR ANY PART OF THE
TRANSCRIPT NECESSARILY
OBTAINED FOR USE IN THE
CASE—$1414.50. REDUCED BY
AMENDMENT SUBMITTED DE-
CEMBER 23, 1980, TO $1035.30.*

On June 28, 1979, defendant took the
discovery deposition of Frank Wiygul,
Charles Pate and James Pate. The court
reporter's charges were $140.60 (excluding
extra copies).

On June 29, 1978, defendant took the
discovery depositions of Jeffrey Dale Ken-
nedy, Esker Lowder, Jimmy Umfress,
Frank Wiygul, Mitchell McNeese, and J. B.
Burleson. The court reporter's charges
were $403.00. (No charge was made for
extra copies.)

On January 23, 1979, defendant took the
discovery deposition of plaintiff, James H.
Pate. The court reporter's charges were
$162.00 (excluding extra copies).

Defendant took the depositions of Dr.
John D. Ray, Dr. Julian O. Doughty, and

James Lawrence Tomlinson on January 22, 1979. The court reporter's charges were $329.70 (excluding costs of copies).

The deposition charges, as amended, are calculated as follows:

1. William D. Bumpass, Court Reporter, June 28, 1978 . . . . . . . . . . $ 140.60

2. William D. Bumpass, Court Reporter, January 23, 1979 . . . . . . . 162.00

3. Janet Clemens, Court Reporter, June 29, 1978 . . . . . . . . . . . . . . . 403.00

4. Mrs. Mary Ann Turner, Court Reporter, January 22, 1979 . . . . . 329.70

TOTAL      $1035.30

█ Defendant is entitled to recover the costs of the depositions of Jeffrey Dale Kennedy (a/k/a Jeff Kennedy), Esker Lowder, Frank Wiygul, Mitchell McNeese, James H. Pate, Dr. John D. Ray, and Charles Pate. The court agrees that these depositions were "necessarily obtained for use in the case". 28 U.S.C. § 1920(2). All of these parties were critical fact witnesses, with the exception of Dr. Ray, plaintiff's expert witness, whose deposition was taken by defendant prior to trial.

█ The costs of taking of the deposition of James Lawrence Tomlinson is not a proper charge. Mr. Tomlinson was the corporate representative of defendant at trial. He testified as an expert witness. Dr. Julian O. Doughty appeared at trial as an expert witness for defendant. Jimmy Umfress and J. B. Burleson, were not called as witnesses. The court finds that defendant has not demonstrated the necessity which the law requires for the depositions of the witnesses Doughty, Umfress, and Burleson. The costs incidental to the taking of these depositions will not be allowed. Plaintiff's objection thereto is sustained.

A computation of the expenses incurred by defendant for costs of transcripts of depositions taken prior to trial which the court finds are properly included in the Bill of Costs are:

1. Amount requested by defendant . . . . . . . . $1035.30

2. Less costs of transcripts of depositions which the court has not approved:

    a. James Lawrence Tomlinson $65.00

    b. Dr. Julian O. Doughty . . . . 59.80

    c. Jimmy Umfress . . . . . . . . 67.00 [1]

    d. J. B. Burleson . . . . . . . . . 67.00 [1]

        Less Total      258.80

        Net amount approved    $ 776.50

The court's ruling on the allowance of deposition expenses as a proper item to be included in the Bill of Costs, is controlled by the principles set forth in *Morris v. Carnathan*, 63 F.R.D. 374 (N.D.Miss.1974), and *Morrison Alleluia Cushion Co., Inc.*, 73 F.R.D. 70 (N.D.Miss.1976). For a further discussion of the subject, *see* 10 Wright & Miller, Federal Practice and Procedure, Civil Section 2676, pages 199, et seq.

B. *THE WITNESS FEES—$766.84.*

1. Fee for Expert Witness Attending Pre-Trial Deposition.

Prior to trial, the parties consented to submit their trial expert witnesses for examination by counsel. Dr. Ray, an expert witness for plaintiff, charged a fee of $310.00 for his appearance.

█ The court has adopted the rule that, except in exceptional, extraordinary or unusual circumstances,[2] "expert witness fees, above subsistence and travel, will not be taxed against a losing party." *Morris v. Carnathan, supra,* at page 379. *See also, Baum v. United States,* 432 F.2d 85, 86 (5th Cir. 1970), *Gerber v. Stoltenberg,* 394 F.2d 179 (5th Cir. 1968), *Jones v. Diamond,* 594 F.2d 997, 1029 (5th Cir. 1979); *Burgess v.*

---

**1.** This amount can only be determined by an estimate. Court reporter's charges for six persons deposed June 29, 1978, amounted to $403.00. For each person, approximately $67.00. Witnesses Umfress and Burleson were among those deposed.

**2.** The rule is not inflexible. Under unusual, exceptional or extraordinary circumstances, in the interest of justice and fair play, expert fees may be allowable as a part of costs. See the discussion on the subject by this court in *Worley v. Massey-Ferguson, Inc.,* 79 F.R.D. 534, 540 et seq. (1978).

*Williamson*, 506 F.2d 870, 879–80 (5th Cir. 1975); *Green v. American Tobacco Company*, 304 F.2d 70, 77 (5th Cir. 1922).

The rationale for the rule is explained in 10 Wright & Miller, Federal Practice and Procedure, Civil Sec. 2678, pages 236–37, as follows:

> Finally, despite a few early decisions to the contrary, it seems well settled that a party's expert witnesses are entitled only to the regular statutory witness fees allowed by Section 1821 and that no costs will be allowed for any extra tests that the prevailing party might conduct in the hope of circumventing this restriction. The rationale for limiting witnesses to one fee is set out in a Senate Report and amounts to a finding that a graduated fee scale would not be feasible for the courts to administer.

■ There are no unusual, extraordinary or exceptional circumstances in the action sub judice which will justify a departure from the rule that the court has "no authority to tax costs for compensation to an expert witness in excess of the statutory attendance per day, mileage and subsistence allowance". *Green, supra*, 304 F.2d at page 77.

An allowance for attendance for Dr. Ray at the deposition for one day and mileage is appropriate. This will be allowed in the sum of $40.00.[3]

2. Witness Fees for Attendance at Deposition.

■ Defendant subpoenaed Charles Pate, Jeff Kennedy, Esker Lowder, Mitchell McNeese, Frank Wiygul and Jimmy Umfress for depositions on June 5, 1978. Each witness was paid $20.00 for the appearance plus mileage. Each was a fact witness, whose testimony was material and critical to issues involved in the litigation. The court finds that it was reasonably necessary to depose these individuals before trial.

This court held in *Morris v. Carnathan, supra*, "[i]t is the opinion of the court that all persons, other than the parties, who have testified in the case, or who have been in actual personal attendance upon the court, either at trial or on deposition, are entitled to $20.00 for each day's attendance." 63 F.R.D. at page 377. The court adheres to that view. The requested allowance of witness fees and mileage for these witnesses on deposition will be allowed.

3. Witness Fees at Trial.

■ Plaintiff objects to an allowance of per diem and mileage for the medical records librarian at the North East Medical Center at Tupelo, Mississippi. Prior to trial, defendant was denied access to the medical records of plaintiff's son, for whose death this wrongful death action was brought. It was only after the records were produced under subpoena duces tecum that defendant was permitted to review the records. Though defendant elected not to use the records at trial, their production appeared reasonably necessary for defendant's use in defending the action. Plaintiff's objection to this item will be overruled.

■ Plaintiff objects to the allowance of trial witness fees for James Gregory, Esker Lowder, Frank Wiygul, Mitchell McNeese, Jeff Kennedy, and Jimmy Umfress, because defendant did not call any of them as witnesses. Esker Lowder, Frank Wiygul, Mitchell McNeese, and Jeff Kennedy, testified for plaintiff in his case in chief. Defendant was afforded the opportunity to cross examine these witnesses. It was not necessary to call either of them on the presentation of defendant's case. Plaintiff argues, however, that these witnesses had been subpoenaed to testify for plaintiff, and it was unnecessary for defendant to also place them under subpoena. The court disagrees. Defendant had a right to protect its case at trial. Each witness was an important fact witness and his attendance on the court at trial was essential.

3. Prior to October 28, 1978 (Pub.L. 95–535) witness fees were fixed by statute (28 U.S.C. § 1821), at $20.00 per day. Pub.L. 95–535 changed the per diem to $30.00. Dr. Ray gave the deposition on December 7, 1978.

Plaintiff's objection to the allowance of trial witness fees for Esker Lowder, Frank Wiygul, Mitchell McNeese, and Jeff Kennedy will be overruled.

As to the trial witness fees for James Gregory and Jimmy Umfress, who were not called as witnesses by either party, the objection will be sustained. The presumption is, absence some reasonable explanation, that when a witness is subpoenaed to the trial, but is not called to the witness stand, he is not a necessary witness. *Rowland v. Kitchens*, 63 F.R.D. 385, 388 (N.D.Miss.1974); 10 Wright & Miller, Federal Practice and Procedure, Civil Sec. 2678, page 230.

## SUMMARY

The court sustains in part, and overrules in part, plaintiff's objections to the Bill of Costs.

The taxation of the costs in the Bill of Costs by the clerk, on the court's review, pursuant to Rule 54(d), Fed.R.Civ.P., is sustained in the following respects:

1. Fees of the Clerk ........... $  15.00
2. Fees of the Marshal ........   60.16
3. Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case .............   776.50
4. Fees for witnesses ..........   413.80 [4]
5. Docket fees under 28 U.S.C. § 1923 ....................   30.00

TOTAL    $1295.46

4. Witness fees and mileage itemized as follows:

| | Attendance Fee | Mileage | Total |
|---|---|---|---|
| Medical Records Librarian (trial) | $30.00 | $14.04 | $44.04 |
| Esker Lowder (trial) | 30.00 | 14.04 | 44.04 |
| Frank Wiygul (trial) | 30.00 | 14.04 | 44.04 |
| Mitchell McNeese (trial) | 30.00 | 17.64 | 47.64 |
| Jeff Kennedy (trial) | 30.00 | 14.04 | 44.04 |
| Charles Pate (deposition of 6/5/78) | 20.00 | 4.50 | 24.50 |
| Jeff Kennedy (deposition of 6/5/78) | 20.00 | 4.50 | 24.50 |

| | Attendance Fee | Mileage | Total |
|---|---|---|---|
| Esker Lowder (deposition of 6/5/78) | 20.00 | 4.50 | 24.50 |
| Mitchell McNeese (deposition of 6/5/78) | 20.00 | 7.50 | 27.50 |
| Frank Wiygul (deposition of 6/5/78) | 20.00 | 4.50 | 24.50 |
| Jimmy Umfress (deposition of 6/5/78) | 20.00 | 4.50 | 24.50 |
| Dr. John Ray (deposition of 12/7/78) | 30.00 | 10.00 | 40.00 |
| TOTAL | | | $413.80 |