**DEPARTMENT OF HIGHWAYS v. Mc-WILLIAMS DREDGING CO. et al.**

Civ. A. No. 2218.

United States District Court
**W. D. Louisiana, Lake Charles Division.**

May 1, 1950.

Judgment Affirmed Feb. 13, 1951.

See 187 F.2d 61.

See also 83 F.Supp. 132 and 85 F.Supp. 714.

Theo. F. Cangelosi, Joseph A. Loret, D. Ross Banister, Department of Highways, Baton Rouge, La., for plaintiff.

Deutsch, Kerrigan & Stiles, Eberhard P. Deutsch, New Orleans, La., for defendants.

DAWKINS, Chief Judge.

Defendant, as prevailing party, applied to the Clerk to tax costs to be paid by the plaintiff. The latter moved to disallow the following items as not properly taxable:

1. The item of $1.05 for Post Office registration fee;

2. Premium of $10.00 for cost bond removal;

3. The item of $19.00 for cost of photographic exhibits;

4. The item of $20.00 per diem for Frank Dean, J. W. Eagleson, Otis Guillot and Percy Gros on August 5, 1948;

5. The item of $10.00 for the admission of deposition in evidence;

6. The item of $47.50 for the fee of court reporter for transcribing testimony of Willard B. Parks, Charles A. Myers and Grady Breece;

7. The item of $400.00 as witness fee for Charles A. Myers;

8. The item of $40.00 as witness fee for Willard B. Parks;

9. The item of $10.00 per diem of Frank Dean;

10. The item of $10.00 per diem for J. W. Eagleson;

11. The item of $10.00 per diem for Willard B. Parks;

12. The item of $82.60 as mileage for Frank Dean, J. W. Eagleson, Grady Breece and Charles A. Myers; and

13. The item of $20.00 as attorneys' docket fee as of December 8, 1948.

The Federal Rules of Civil Procedure, rule 54(d), 28 U.S.C.A., provide: "*Costs.* Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *."

In some jurisdictions, when not covered by statutes, there are local applicable rules, practices or customs which control. There are no such rules, practices or customs in this district. The matter must, therefore, be determined according to such statutes as apply, and general principles as conceived by this court.

The disputed items will therefore be taken up in the order stated in the motion to strike.

No more reason can be seen for taxing this Post Office registration fee than any other postage paid or incurred in connection with the case.

[3] The giving of the bond required for removal was necessary, and the premium paid to supply it should be allowed.

The expense of taking photographs should be classed as any other expenditure for preparation for trial made by a party to the suit, which is controlled or limited only by the diligence and efficiency of the particular agent or counsel. However convenient they may have been for the defendant's side, there must be a limitation upon the extent to which a litigant or his counsel can go in such preparation, if it is to be taxed against his opponent. The pictures were not indispensable to the development of the case. Authorities cited by defendant are from other jurisdictions, where the practice or custom was to allow such costs.

The federal statute provides the fees to be paid witnesses, including mileage and per diem, and should be followed as to witnesses whose testimony was

taken and used at the trial, not an arbitrary amount fixed and paid by the litigant. Title 28, U.S.C.A. § 1821.

 The charge for these four depositions is fixed by statute at $2.50, or $10.00 for the four, as claimed by the defendant. Title 28 U.S.C.A. § 1923.

The item of $47.50 paid for one copy of the transcript of testimony taken at the trial at the rate of 25¢ per page was for the defendant's own use. The plaintiff will have to pay for the original filed as part of the transcript for appeal. There is no provision in the Federal Rules or statutes for the allowance to litigants of the costs of copies of transcripts of testimony which they see fit to purchase from the reporter, other than the original filed in the record. If this were permitted, the cost of litigation could be substantially increased where there happened to be several litigants on the winning side and each attorney saw fit to purchase one or more copies of the notes of evidence from the reporter, at the rates which he is permitted to charge. This copy was not used in, nor was it necessary to a decision of the case and will, therefore, be disallowed.

There is no provision in the statutes, the Rules of Civil Procedure, or those of this court, which permit the indiscriminate summonsing of experts and the payment of such fees as they may see fit to charge. In cases where experts are necessary, counsel can protect his client's interest by prior application to the court, setting forth the nature and importance of the testimony of such witnesses, and upon contradictory hearing, the court may determine which ones shall be permitted and the fees to be paid therefor before they are incurred; otherwise, this type of expense, which often runs into large figures, would be restrained only by the judgment of the particular counsel. Only ordinary witness fees can be allowed for Charles R. Myers.

8, 9, 10 and 11. What has just been said as to Item 7 applies equally to Nos. 8 to 11, inclusive.

The mileage for travel of witnesses is fixed by statute. Title 28 U.S.C.A. § 1821.

As to the attorneys' docket fees claimed as of December 8, 1948, there is no authority for the allowance of any attorneys' fees except the $20.00 covered by Title 28 U.S.C.A. § 1923. This cannot be duplicated as to any other service of an attorney. The attorneys' fees will, therefore, be limited to $20.00.

Otherwise, the costs bill will be approved.