**Charlie WADE et al., Plaintiffs,**

v.

**MISSISSIPPI COOPERATIVE EXTENSION SERVICE et al., Defendants.**

**No. EC 70–29–K.**

United States District Court,
N. D. Mississippi, E. D.

June 6, 1974.

Supplemental Opinion Aug. 21, 1974.

See also, D.C., 378 F.Supp. 1251.

---

Frank R. Parker, Jackson, Miss., for Wade.

Stephen Passek, Washington, D. C., H. M. Ray, U. S. Atty., Oxford, Miss. for plaintiff-intervenor.

Fred B. Smith, Ripley, Miss., Pat M. Barrett, Lexington, Miss., William A. Allain, Asst. Atty. Gen., Jackson, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

The court has before it the bill of costs submitted by plaintiffs in the sum of $5,147.51 and defendants' written objections thereto. The items in controversy are discussed and ruled upon as follows:

■ 1. Court reporter fees of $323.-90 for furnishing counsel copies of transcript of testimony and original transcript of pretrial conference are first considered. Ordinarily, copies of transcript ordered by counsel for convenience are not allowed, but in this protracted and difficult litigation involving testimony of a technical nature, the court is of the opinion that ordering the transcript was not only essential for the court's understanding but that copies were necessary for counsel to effectively present their case in post-trial briefs. Similarly, the transcript of pretrial conference is a legitimate charge in the case. Defendants' objection to this item is overruled.

■ 2. Fees for witnesses in the total sum of $443.40 are objected to. We agree that of the witnesses for whom attendance and mileage are claimed, only Richard Sroges, James T. Marsh and Mrs. Raygene Dunlap are entitled to the amount set opposite their names. The other witnesses, Wade, Lindsey, Moody, Durham and Bailey, were named parties plaintiff and are by statute ineligible to claim witness fees. Defendants' objection to Mrs. Dunlap is not well taken and her witness fee should be allowed; defendants' objection for allowance of attendance and mileage as to the named plaintiffs is sustained.

■ 3. Defendants next object to the sum of $109.30 claimed as fees for exemplification and copies of papers necessarily obtained for use in the case. The basis of the objection is the failure of plaintiffs to itemize or explain the charge. Plaintiffs' explanation is that the cost was incurred for copying several papers of the complaint required to be filed on individual defendants and for copies of plaintiffs' trial exhibits furnished to the court and to counsel for both sides. This is an adequate explanation of the item and in our judgment recovery should be allowed. Defendants' objection thereto is denied.

■ 4. We next consider the objection made by defendants to $731.10 incurred for copies of depositions furnished by the court reporter to plaintiffs' counsel. The originals of all depositions were filed at Aberdeen, Mississippi, a distant point from the residence of plaintiffs' counsel, who had offices in Jackson and New York City. The originals were not readily available for inspection. The information contained in the pretrial depositions was useful and essential in the preparation of plaintiffs' case. Because of the particular circumstances of this protracted and complex litigation, with the original depositions not being accessible to plaintiffs' counsel, we exercise our discretion to allow the cost of the copies. United States v. Kolesar, 313 F.2d 835 (5 Cir. 1963). The exceptional circumstances here present justify the allowance of costs of obtaining copies by counsel. Defendants' objection to this item is overruled.

■ 5. The last item relates to a claim of expert witnesses in the amount

of $2,415.71. These charges are for amounts paid to plaintiffs' experts, Dr. Sroges ($632.08), Mr. Marsh ($1,383.63) and Dr. Henderson ($200), each of whom charged fees at the rate of $50 per day for out-of-court preparation and $100 per day for court appearance, plus special personal expense. In addition, Tougaloo College made a charge of $200 for use of its computer and computer materials. No application was made in advance to the court for engaging these experts, whose testimony related entirely to statistical interpretations of certain records maintained by defendants. The expert witnesses had no direct knowledge of facts bearing upon issues related to the litigation; they merely undertook to give interpretative views that job discrimination on account of race existed on the basis of defendants' records and documents. Although the expert opinions were of probative value, evidence of this nature was simply an alternative and not an essential method of proving plaintiffs' case. Indeed, the statistical experts tended only to support the primary evidence offered by plaintiffs which was sufficient to establish their case without the necessity of statistical interpretation. Considering these circumstances, it is our view that we should not depart from the customary rule of disallowing fees for experts who are employed by a party without prior sanction or approval of the court. Baum v. United States, 432 F.2d 85 (5 Cir. 1970). This court's allowance of an expert witness fee in Lela Mae Brooks v. Town of Sunflower, No. GC 71–57–K (N.D.Miss.1974) is readily distinguishable. In *Brooks*, plaintiffs were wholly dependent upon technical engineering study to contest successfully the sufficiency of the Town's plans for installing a new municipal sanitary sewer system, extending water lines and furnishing other municipal services. Obviously, lay testimony in such a case was inappropriate and it was indispensable for the plaintiffs to obtain technical advice. Defendants' objection to the claim of expert witnesses over and above the statutory subsistence and travel allowance is sustained.

Consistent with the foregoing, the following items are deducted from plaintiffs' bill of costs:

| | | |
|---|---:|---:|
| Witness fees for five named plaintiffs | | $ 198.40 |
| Expert witness fees | | 2,415.71 |
| | | $2,614.11 |
| Total costs claimed | $5,147.51 | |
| Less deductions ordered | 2,614.11 | |
| Allowable costs | $2,533.40 | |

## SUPPLEMENTAL OPINION
## ORDER

This action is before the court on defendants' objection to the bill of cost submitted to the Clerk for taxation by plaintiff-intervenor, United States of America, pursuant to Rule 54(d), F.R. Civ.P.

We begin with the observation that the United States stands on equal footing with a private litigant in its ability to recover costs as a prevailing party in civil actions. Pine River Logging & Improvement Co. v. United States, 186 U.S. 279, 22 S.Ct. 920, 46 L.Ed. 1164 (1902); United States v. Lynd, 334 F.2d 13 (5 Cir. 1964); 10 Federal Practice and Procedure, § 2672, p. 168–69. It is not significant that officials of the Department of Agriculture, an agency of the United States, were initially named as defendants in this action. The lawsuit was still in the embryonic stage when the court ordered realignment of such officials as party plaintiffs, and the Attorney General of the United States was allowed to intervene pursuant to 42 U.S.C. § 2000h–2. Nor is it arguable that plaintiff-intervenor is not a "prevailing party" merely because the court did not adopt each and every contention advanced nor order all relief requested. Lewis v. Pennington, 400 F.2d 806 (6 Cir. 1968); Hines v. Perez, 242 F.2d 459 (9 Cir. 1957); Sperry Rand Corp. v. A-T-O, Inc., 58 F.R.D. 132 (E.D.Va. 1973). The general rule is succinctly

stated in 6 Moore's Federal Practice ¶ 54.70[4], p. 1306:

"[A] party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. Although the plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party." (Footnotes omitted).

Hence, we proceed to examine those items in the cost bill which defendants have challenged.

■ Defendants first object to court reporter fees of $752.10. Plaintiff-intervenor has voluntarily requested that this amount be reduced by $169.60 which was inadvertently overcharged by the reporter. The present total requested to be taxed under this heading is $582.50, for the following:

| | |
|---|---|
| Original transcript of hearing, Jan. 15, 1973 | $196.00 |
| Original transcript of hearing, Feb. 7, 1973 | 228.00 |
| Original of testimony of Mr. Drapula, defendants' expert, on July 20, 1973, at $1 per page | 62.00 |
| Copies of testimony of Messrs. Sroges and Marsh, plaintiffs' experts, on July 12, 1973, at 50¢ per page | 96.50 |
| Revised Total | $582.50 |

Although we recognize that copies of transcripts ordered by counsel for convenience or mere luxury only are not ordinarily taxable as costs, in previous opinions on costs we have consistently adhered to the principle that the court may, in its discretion and under appropriate circumstances, allow the prevailing party to tax as costs copies of hearing and trial transcripts where they are "necessarily obtained for use in the case." 6 Moore's Federal Practice ¶ 54.77[7], p. 1748. In the present case, due to the complex and technical nature of the subject matter, and the necessity for stenographic transcription thereof in the preparation of post-trial submissions, we hold that the material ordered by plaintiff-intervenor from the court reporter was necessary for use in the case. Defendants' objections to this item are overruled.

■ Defendants next object to the taxation of fees of witnesses. We sustain defendants' objection in several particulars. The fee claimed for Dr. William Bost is denied since he was a party defendant. Likewise, the amounts claimed for prospective witnesses Simmons, Vincent and Boone are denied because none of these persons testified. None of the remaining witnesses testified for more than one day's time and we know of no compelling reason for approving attendance or subsistence time for a period longer than one day for each witness; the amounts claimed for each witness shall be reduced accordingly.

■ Defendants also urge that the mileage allowance of plaintiff-intervenor's witnesses should be limited to the territorial restrictions applicable to subpoena; thus, the maximum travel allowance for each witness would be 100 miles to and from the site of hearing at Greenville, Mississippi. The applicability of the so-called 100-mile rule is discussed in Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Although *Farmer's* guidelines are less than precise, the greater weight of authority now recognizes that the allowance of travel expenses for witnesses beyond the 100-mile limit rests largely within the discretion of the trial court. See, cases in footnotes and related text in 6 Moore's Federal Practice ¶ 54.77[5–1], p. 1727. Generally, however, such discretion has been exercised sparingly, and the more persuasive cases decided since *Farmer* have allowed travel fees either on the basis of the "essentiality" of the witness' testimony to the prevailing party's case or the presence of "special circumstances" in a particular case justifying departure from the conventional 100-mile rule. Considering the nature of the testimonial evidence, we are not convinced that the live testimony of any of the witnesses listed by plain-

 

tiff-intervenor was so essential to its case or that special circumstances prevail on us to depart from the 100-miles rule. Accordingly, the maximum mileage allowance for each witness is limited to $20 (100 miles to and from the site of trial at 10¢ per mile).

Defendants next object to the sum of $2,793.40 claimed as cost incident to taking of numerous depositions. The power to tax the prevailing party's deposition costs, like other costs generally, is within the sound discretion of the trial court; and, such costs will normally be allowed where the taking of such depositions are reasonably necessary for use in the case. 28 U.S.C. § 1920(2); 6 Moore's Federal Practice ¶ 54.77[4], p. 1720. In United States v. Kolesar, 313 F.2d 835 (5 Cir. 1963), the Fifth Circuit recognized that whether a *copy* of a deposition is necessarily obtained for use in the case depends on the evaluation of the factual circumstances of each specific case. Applying the *Kolesar* decision to the case sub judice, we are of the opinion that the costs incident to the original depositions claimed by plaintiff-intervenor as well as the costs for copies thereof for counsels' own use should be allowed. We reach this conclusion because of several reasons. First, the information disclosed by these depositions was essential to plaintiff-intervenor in the preparation for and presentation of its case. Second, a substantial number of said depositions were introduced into evidence and thus materially contributed to a comprehensive, yet expedited, presentation of evidence. Finally, extensive study of the depositions was necessary in preparation of proposed findings of fact in this difficult and protracted litigation. It is of small moment that the originals of the depositions were on file with the Clerk of Court at Aberdeen, Mississippi, for as such, the records were not readily available for inspection by counsel for plaintiff-intervenor whose offices were in Washington, D. C.

We find no merit in defendants' objection to $358.88 claimed as Marshal fees. This amount is accordingly sustained.

Finally, defendants object to $200 expenditure for computer time used on the ground that no prior application to the court was made for approval of such expense. Although computer tape and printouts were ultimately introduced into evidence, we agree that the expenditure for such prospective evidence was an extraordinary cost which should have been submitted to the court for approval prior to being incurred. Therefore, the court, in its discretion, declines to allow the cost of this item to be taxed.

Plaintiff-intervenor's bill of cost shall be retaxed in accordance with the foregoing rulings.