Robert Lee HOLMES, Plaintiff,

v.

ORCHARD MACHINERY
CORPORATION,
Defendant.

No. DC 74–136–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Feb. 1, 1977.

Charles M. Merkel, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, P. C., Clarksdale, Miss., for plaintiff.

W. O. Luckett, Jr., Luckett, Barnwell, Luckett, Luckett & Thompson, Clarksdale, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The action sub judice is before the court on several post-trial motions. All of the motions will be treated in this Memorandum of Decision.

### I. *Defendant's Motion for Relief from Judgment.*

■ ·The court has considered the documents and other submissions of the parties relative to this motion and has reached the conclusion that the facts and circumstances upon which defendant relies do not warrant the requested relief.

Defendant charges that plaintiff did not disclose at trial, or in answers to interrogatories propounded to him prior to trial, that since the accident he had worked for wages, or had engaged in work for compensation.

The record reflects that plaintiff and another person were the joint owners of certain poolroom equipment and a Coca-Cola machine which they used in the operation of a poolroom during the summer months of 1976. Plaintiff worked in the poolroom, received pool fees and otherwise managed the establishment. The venture was not successful and instead of receiving income from this source a loss was sustained. Plaintiff was not paid an advance or other compensation for his work.

After the termination of the partnership plaintiff contemplated opening a cafe, renting a building for that purpose. Plaintiff paid 2 months rent to the owner. The rent consisted of cash in the sum of $70.00, which was paid by plaintiff, and painting the interior of the building. The painting was done by plaintiff. The project was abandoned, however, when plaintiff could not secure a license to sell beer. Plaintiff turned the proposed business over to his sister.

Plaintiff's activities thus described do not, in the opinion of the court, support defendant's contention that plaintiff had been working for anyone for wages or that he had engaged in any work for compensation since the date of the accident. Most assuredly these circumstances do not sustain a charge of fraud, misrepresentation, or other misconduct by plaintiff such as would justify the relief sought. Fed.R. Civ.P. 60(b).

The motion will be overruled. An appropriate order will be entered by the court.

### II. *Plaintiff's Motion for New Trial as to Certain Elements of Damages.*

■ After giving careful consideration to the grounds upon which plaintiff relies to sustain his motion for a partial new trial as to specific elements of damage, i. e. physical disability and pain and suffering, the court has determined that the motion is not well taken and should be overruled. The issue of damages was properly submitted to the jury and the verdict should not be disturbed. Accordingly, plaintiff's said motion will be overruled and a proper order entered.

### III. *Defendant's Motion for a New Trial.*

The court finds that defendant's motion for a new trial is not well taken and should be overruled. An order overruling the motion will be entered by the court.

### IV. *The Bill of Costs and Related Motions.*

#### A. *The Bill of Costs.*

Plaintiff submitted a Bill of Costs to the clerk for allowance as required by Fed.R. Civ.P. 54(d). A copy of the Bill of Costs, as presented to the clerk, is attached hereto as Appendix "A".

■ The allowance for per diem, mileage and subsistence of witnesses is governed by 28 U.S.C. § 1821. The taxation of costs is made pursuant to 28 U.S.C. § 1920. By virtue of the authority of these statutes the

following fees and expenses are awarded to plaintiff:

| | | |
|---|---|---|
| (1) | Fees of the Clerk | $ 15.00 |
| (2) | Fees of the Marshal | 9.00 |
| (3) | Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case | 294.50 |
| (4) | Fees for witnesses as shown on reverse side of Bill of Costs | 642.40 |
| (5) | Docket fees under 28 U.S.C. § 1923 | 42.50 |
| (6) | Costs incident to taking of depositions | 570.50 |
| | Total | $1573.90 |

The following items appearing on the Bill of Costs for the reasons stated *infra* are disallowed:

| | | | |
|---|---|---|---|
| (1) | Expense of constructing a model of the shaker, boom and bucket used at the trial | | $ 350.00 |
| (2) | Engineering expert witness fees: | | |
| | (a) First trial | $1863.50 | |
| | (b) Second trial | 1339.20 | 3202.70 |
| | Total | | $3552.70 |

### B. *The Allowance of Model Construction Costs, Attorney's Fees and Related Items.*

The plaintiff seeks an allowance for the following items:

| | | | |
|---|---|---|---|
| (1) | The expense incurred in constructing a model shaker, boom and bucket for use at trial | | $ 350.00 |
| (2) | The expenses incurred in investigative work for the second trial: | | |
| | Travel expense on March 15, and 16, 1976, to Albany, Georgia, as follows: | | |
| | Air fare | 105.17 | |
| | Motel | 45.00 | |
| | Car rental, meals, parking, etc. | 71.00 | |
| | Total | $ 221.17 | |
| (3) | (a) Expenses incurred by plaintiff in first trial at Oxford, Mississippi, which resulted in a verdict for the defendant | | $2867.53 |
| | (b) Expenses incurred upon the granting of a new trial to prove manufacture of the product by defendant | | 685.17 |
| | (c) Attorney's fees which are itemized in Appendix "B" | | 7805.00 |

■ The allowance of the items mentioned in this subsection of the court's decision is a matter which rests largely in the discretion of the court and should only be made when required in the interest of justice.

■ Professors Wright and Miller state in 10 Federal Practice and Procedure § 2677 at 223–26 (1973) "[a]s a result, taxation usually is denied for expenses such as long distance .telephone calls, . . . travel by attorneys, . . . investigation charges, . . . models in the absence of special circumstances or prior judicial approval." (footnotes omitted). As a general rule the allowance of such items should be disallowed. .

Applying the general rule to the special circumstances existing in this case, the court finds, for the most part, that these items should not be taxed to the losing party.

■ In its original answer, defendant denied the manufacture of the boom and bucket attachment for the shaker. The defendant was successful on this issue at the first trial. For reasons not necessary here to mention, the court granted a new trial. Within a short period of time thereafter, the attorney for plaintiff traveled to Albany, Georgia, the site of the branch office of defendant through which the sale was said to have been made, and experienced no difficulty in locating the agent of defendant who delivered the attachment to the employer of plaintiff. When this discovery was made, defendant promptly asked the court to permit an amendment to the answer so as to admit the manufacture of the attachment.

Plaintiff contends that defendant's denial in the first instance was made in bad faith and seeks sanctions from the court in the form of allowances for plaintiff's expenses at the first trial, expenses incurred in the discovery of the deliveryman and attorney's fees.

In response to and in defense of the motion for allowance of expenses, attorney fees, expert witness fees, etc., it is asserted by defendant that plaintiff knew; at least as early as March 30, 1976, when the motion to amend the answer was filed, that the question pertaining to the manufacture of the shaker attachment was no longer in dispute. Consequently, defendant argues that any expense or attorney fees thereafter incurred were not necessarily incurred.

Plaintiff basis his right to sanctions on Fed.R.Civ.P. 37(c). ·This rule provides that

when a party fails to admit the truth of any matter as requested pursuant to Rule 36, and the party requesting the admissions thereafter proves the matter to be true, the court shall order the party who failed to admit the truthfulness of the matter to pay the reasonable expenses of the other party incurred in making the proof, including reasonable attorneys fees. The rule provides, however, that such an order is not proper if the party failing to admit had reasonable grounds to believe that he might prevail on the matter or where there are other good reasons for the failure to admit.

Defendant has submitted evidence that a diligent search of its records did not disclose the sale of the attachment in question and that other efforts were made to locate the party said by the purchaser to have made the delivery.

The sale and transfer of the attachment occurred several years before the failure occurred and plaintiff was injured. Defendant contends that it conducted a reasonable investigation to ascertain the truth of the matter, that the information available at the time of the denial was sufficient to create a reasonable belief that defendant might prevail on the matter; that the denial was made in good faith; and that the sanctions provided by Rule 37(c) should not be imposed.

The record reveals, however, that an investigation at or through the defendant's Albany office would have resulted in the discovery of the person who delivered the attachment. To this extent defendant may have failed to exercise reasonable diligence to discover the truth of the matter. On the other side of the coin, defendant's records did not disclose the sale, and the description of the person making the delivery given to the attorney for defendant by the purchaser who received delivery of the attachment did not match the description of the individual thereafter located and determined to be the delivery person.

Plaintiff argues that defendant should be awarded the entire expense of the first trial, including the fees for expert witness, attorney fees, travel expense and other re-lated items. Plaintiff contends that if defendant had admitted the manufacture of the attachment prior to the first trial, the second trial would not have been necessary. Such an argument leaves out of consideration, however, the obvious fact that plaintiff also had the burden of proving that the attachment was defective and that the defect proximately caused the injury. Can anyone say with any degree of certainty that the jury would have found for plaintiff on these issues?

The court cannot say from the record under consideration that defendant's denial was made in bad faith, or that defendant did not have reasonable grounds to believe that it might prevail on the issue.

The court is of the opinion that justice requires, however, that defendant bear the expenses incurred by plaintiff in locating and producing the person who delivered the attachment for defendant. These expenses are allowable, and are as follows:

| | | |
|---|---|---|
| (1) | Travel and related expense | $ 221.17 |
| (2) | Attorney's fee | 1000.00 |
| | Total | $1221.17 |

## SUMMARY

The court holds that the following items of costs and expenses are taxable against defendant as the losing party, to-wit:

### BILL OF COSTS

| | | |
|---|---|---|
| 1. | Fees for Clerk | $ 15.00 |
| 2. | Fees for Marshal | 9.00 |
| 3. | Court Reporter fees for transcripts necessarily obtained for use in the trial | 294.50 |
| 4. | Witness fees | 642.40 |
| 5. | Docket fees | 42.50 |
| 6. | Costs incurred in taking depositions | 570.50 |
| | Total | $1573.90 |

### OTHER ALLOWANCE

| | | |
|---|---|---|
| 1. | Expense – Albany, Georgia, investigation on March 15, 16, 1977 | $ 221.17 |
| 2. | Attorney's fee for making investigation | 1000.00 |
| | Total | $1221.17 |

An appropriate order will be entered.

**550**

# APPENDIX "A"

BILL OF COSTS

# United States District Court
## for the
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT LEE HOLMES

*vs.*

ORCHARD MACHINERY CORPORATION

CIVIL ACTION FILE No.
DC 74-136-S

Judgment having been entered in the above entitled action on the     15th                    day of
October           , 19 76 , against  Orchard Machinery Corporation
the clerk is requested to tax the following as costs:

### B I L L   O F   C O S T S

| | |
|---|---|
| Fees of the clerk | $........ ..15.00...... ....... |
| Fees of the marshal | ... .. ... .. 9.00... ....... |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | .. ...294.50............ . |
| Fees and disbursements for printing | .. .................... .............. .... |
| Fees for witnesses (itemized on reverse side) | .... ....642.40.............. |
| Fees for exemplification and copies of papers necessarily obtained for use in case | ... .. .. .................... |
| Docket fees under 28 U. S. C. 1923 | .......... .42..50. ............ |
| Costs incident to taking of depositions—see attached list | ........570.50.............. |
| Cost as shown on Mandate of Court of Appeals | ... .................... .. ............ |
| *Other Costs (Please itemize)* | |
| Engineering expert witnesses—first trial * | ...1,863.50... . ..... |
| Engineering expert witnesses—second trial * | .. 1,339.20 ........... |
| Model of bucket attachment | ........350.00 .............. |
| *portion of expert fee charged and paid in excess of or over and above ordinary witness fees and expenses claimed and itemized on witness fee section | ... .................................... |
| Total | $...5,126.60 ............ |

State of   Mississippi
County of   Coahoma
                                            }  ss:

I,          Charles M. Merkel                              do hereby swear that the
foregoing costs are correct and were necessarily incurred in this action and that the services for which
fees have been charged were actually and necessarily performed.  A copy hereof was this day mailed
to    Honorable William O. Luckett                                              with postage
fully prepaid thereon.

Please take notice that I will appear before the Clerk who will tax said costs on the  5th  day of
November            , 19 76 at  9:00  a.m.  *Charles M. Merkel*

Attorney for ...Plaintiff,.. Robert..Lee..Holmes..............

Subscribed and sworn to before me this    26      day of     October          A. D. 19 76
at    Clarksdale

*Jo Ann Carson (Bradham)*
Notary Public.
My commission expires: 7- 6 - 79
                                        this              day

Costs are hereby taxed in the amount of $
of                           , 19    , and that amount included in the judgment.

.................................................................
                                        Clerk.

By .................................................................
                                        Deputy Clerk.

**NOTE:  SEE REVERSE SIDE FOR AUTHORITIES ON TAXING COSTS.**

Witness Fees (computation, cf. 28 U. S. C. 1821 for statutory fees)

| Name and Residence | Attendance | | Subsistence | | Mileage | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| * James Chiles, Clarksdale, MS | 1 | 20.00 | | | 140 | 14.00 | 34.00 |
| * Estelle Chiles, Clarksdale, MS | 1 | 20.00 | | | 140 | 14.00 | 34.00 |
| * Joe Yarbrough | 1 | 20.00 | | | 140 | 14.00 | 34.00 |
| * Leon Shaifer | 1 | 20.00 | | | 140 | 14.00 | 34.00 |
| * Harry Leon, Oxford | 2 | 40.00 | | | -- | -- | 40.00 |
| * Ellis McCorkle, Little Rock, Ark. | 2 | 40.00 | 2½ | 54.00 | 200 | 20.00 | 114.00 |
| ** James Chiles | 1 | 20.00 | | | | | 20.00 |
| ** Joe Yarbrough | 1 | 20.00 | | | | | 20.00 |
| ** Harry Leon, Oxford, MS | 3 | 60.00 | 3 | 85.00 | 140 | 14.00 | 159.00 |
| ** Ellis McCorkle, Little Rock, Ark. | 3 | 60.00 | 3 | 73.40 | 200 | 20.00 | 153.40 |
| | | | | | | TOTAL | 642.40 |

* First trial
** Second Trial

## NOTICE

Section 1924, Title 28, U. S. Code (effective September 1, 1948) provides:

"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

See also Section 1920 of Title 28 which reads in part as follows:

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

The Federal Rules of Civil Procedure contain the following provisions:

Rule 54 (d)

"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but cost against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6 (e)

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)

"The entry of the judgment shall not be delayed for the taxing of costs."

## DEPOSITIONAL COSTS

| | |
|---|---|
| Joyce Lanham, deposition of James Chiles | $ 27.00 |
| Mary Anne Lindsey, deposition of Joe Yarbrough | 8.50 |
| Jerry Kelly, deposition of Dr. Hemness | 85.00 |
| Watson Moore, depositions of Cook, Roach, Reaves West and Cook | 250.00 |
| Witness fees for 10 witnesses whose depositions were taken | 200.00 |
| | $570.50 |

FEES OF THE COURT REPORTER

| | |
|---|---:|
| Testimony of James Chiles | 18.00 |
| Testimony of Ken McCrill | 126.50 |
| Testimony of Joe Yarbrough | 21.00 |
| Testimony of Dr. James Straight | 52.50 |
| Testimony of Robert Lee Holmes | 31.00 |
| Testimony of Dr. Harry Leon | 23.00 |
| Testimony of Ellis McCorkle | 22.50 |
| | $294.50 |

## APPENDIX "B"

| | |
|---|---:|
| Travel to and from California and deposition of McCrill and Budge | 20 hours |
| Travel to and from Oxford, out of court preparation in Oxford and in-court trial time first trial | 47 hours |
| Preparation of Motion for new trial and brief in support thereof and hearing on motion | 13 hours |
| Travel to and from Albany, Georgia (2 trips) interviews with witnesses and taking of five depositions | 39 hours |
| | 119 hours |

TOTAL hours for Charles M. Merkel-119 hours at $50 per hour

| | |
|---|---:|
| Travel to and from Oxford, our of court preparation in Oxford and in-court trial time first trial | 47 hours |
| Research and review of record for motion for new trial | 6 hours |
| | 53 hours |

TOTAL hours for John H. Cocke-53 hours at $35 per hour

| | |
|---|---:|
| 119 hours at $50 per hour | $5,950.00 |
| 53 hours at $35 per hour | 1,855.00 |
| | $7,805.00 |