**F. B. WORLEY et al., Plaintiffs,**

v.

**MASSEY–FERGUSON, INC., Defendant.**

**No. EC 76–72–S.**

United States District Court,
N. D. Mississippi, E. D.

March 24, 1978.

| Description | Amount |
|---|---|
| 1. Fees of the Clerk | $ 17.00 |
| 2. Fees of the Marshal | 24.72 |
| 3. Fees for Witnesses: | |
| a. Dr. John D. Ray, one day $20.00, deposition fee $80.00 | 100.00 |
| b. Paul Bridges | 20.00 |
| c. Joe Barker | 20.00 |
| 4. Cost incident to taking of depositions: | |
| a. Paid to W. Dudley Louvier, Court Reporter for deposition of Dr. John D. Ray | 175.50 |
| b. Paid to James A. Moody, Court Reporter for deposition of Jack McPeak | 67.04 |
| c. Paid to Doris Farrow, Court Reporter for deposition of F. B. Worley & J. N. Worley | 185.90 |
| d. Paid to Doris Farrow, Court Reporter for deposition of Paul Bridges & Floyd Cockrell | 133.35 |
| Total | $743.51 |

Plaintiffs initially objected to the $20.00 witness fee for Dr. John D. Ray, Paul Bridges and Joe Barker, the $80.00 deposition fee for Dr. John D. Ray and to all costs incident to taking of depositions. In a letter mailed to the court after the objections were filed, plaintiffs withdrew their objections to the $20.00 witness fee for Paul Bridges, the court reporter's fees and expenses for the deposition of Paul Bridges and Floyd Cockrell and the cost of the original copy of the depositions of Paul Bridges and Floyd Cockrell. However, plaintiffs retained their objections to the cost of the copy of the Bridges and Cockrell Depositions which totaled $31.85 and their other objections.

The federal courts are given discretionary authority by Fed.R.Civ.P. 54(d) to award costs to the prevailing party unless "the matter is controlled by a federal statute or rule." 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2668 at 139 (1973). Unlike "the English courts [which attempt] to provide the successful litigant with total reimbursement [for his costs]," 10 C. Wright & A. Miller, *supra,* § 2665 at 123, Rule 54(d) does not give the federal courts

Eugene B. Gifford, Jr., Gifford & Permenter, Booneville, Miss., for plaintiffs.

L. F. Sams, Jr., Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This case is before the court for consideration of plaintiffs' objection to defendant's bill of costs.

Defendant's bill of costs consist of the following:

unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of the case. Items proposed by winning parties as costs should always be given careful scrutiny. . . . [T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

*Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964).

With this admonition, the court examines defendant's bill of costs and plaintiffs' objections.

█ Plaintiffs argue that since this is a diversity case, the taxing of costs incident to the taking of depositions is governed by Miss.Code Ann. § 13–1–243 (Cum.Supp. 1977) which provides in part: "No part of the expenses of the taking of depositions, other than the serving of subpoenas, shall be adjudged, assessed or taxed as court costs."

Although there may be cases where state law would govern the taxing of certain costs in a diversity case,[1] "[w]ith regard to ordinary items of costs, particularly those mentioned in Section 1920 of Title 28, the suggestion [that federal courts in diversity cases should look to state law to determine whether an item may be taxed as costs] clearly is unsound."[2] Since the taxing of costs related to the taking of depositions is governed by 28 U.S.C. § 1920(2), the court finds that Miss.Code Ann. § 13–1–243 (Cum. Supp.1977) is not applicable.

█ Plaintiffs object to the cost of John McPeak's deposition because the court excluded one part of the deposition during the trial of this case. However, the record in this case shows that portions of John McPeak's deposition were read to the jury. The court finds that the deposition was "necessarily obtained for use in [this] case," 28 U.S.C. § 1920(2) and that the $64.07 charge for the cost of taking this deposition is a proper item of cost.

█ Plaintiffs object to being taxed with the cost of the deposition of F. B. Worley and J. N. Worley. Mr. F. B. Worley was one of the plaintiffs in this case. Mr. J. N. Worley is the plaintiff's son and appeared as a witness for the plaintiffs. The court finds that both depositions were necessary for defendant's preparation for trial. *See Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70, 72 (N.D.Miss.1976). The court also overrules plaintiffs' objections to the cost of a copy of the Worley depositions because under the circumstances of this case, there was " 'a reasonable need that counsel have a copy' of the deposition[s]." *Morris v. Carnathan*, 63 F.R.D. 374, 379 (N.D.Miss.1974), *quoting, United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963). *See Wade v. Mississippi Cooperative Extension Service*, 64 F.R.D. 102, 104 (N.D.Miss.

---

1. *See Henning v. Lake Charles Harbor and Terminal District*, 387 F.2d 264, 267 (5th Cir. 1968) (reimbursement of fee for expert appraiser used by prevailing party in condemnation case is a substantive right under Louisiana law and therefore is a taxable item of cost in diversity case in federal court.); 10 C. Wright & A. Miller, Federal Practice and Procedure, § 2669 (1973); *cf. Hentz v. Sacharin*, Civil Action Nos. DC 73–91–K, DC 73–92–K (N.D.Miss. Nov. 22, 1974) (state statute prohibiting payment of witness fee to State Highway Patrolmen is applied).

2. 10 C. Wright & A. Miller, *supra* note 1 § 2669 at 153. *See Holmes v. Orchard Machinery Corp.*, 75 F.R.D. 546, 547 (N.D.Miss.1977) ("The allowance for per diem, mileage and subsistence of witnesses is governed by 28 U.S.C. § 1821. The taxation of costs is made pursuant to 28 U.S.C. § 1920"); *Morrison v. Alleluia Cushion Co.*, 73 F.R.D. 70, 71 (N.D.Miss.1976) (28 U.S.C. § 1821, 1920 are applicable statutes); *Wade v. Mississippi Cooperative Extension Service*, 64 F.R.D. 102, 107 (N.D.Miss.1974) (citing 28 U.S.C. § 1920(2) as authority to tax costs incident to taking of deposition); *Morris v. Carnathan*, 63 F.R.D. 374 (N.D.Miss.1974) (28 U.S.C. § 1920(2) governs the allowance, if any, for cost of a deposition); *Pressgrove v. Kuntz*, 52 F.R.D. 230, 231–32 (N.D.Miss.1971) (state statute prohibiting payment of witness fee to members of State Highway Patrol is not applicable where patrolman testifies about matters unrelated to official duties); *cf. Stacy v. Williams*, 50 F.R.D. 52, 53 (N.D.Miss.1970) (three-judge court) (Federal law not state law governs taxation of costs).

1974). For the same reason the court overrules plaintiffs' objection to being taxed with the costs of a copy of the depositions of Paul Bridges and Floyd Cockrell.

Plaintiffs object to the $20.00 witness fee for Joe Barker. Under 28 U.S.C. §§ 1821, 1920(3), a witness attending a deposition is entitled to a $20.00 witness fee for each day's attendance at the deposition. *Morris v. Carnathan*, 63 F.R.D. 374, 377 (N.D.Miss. 1974). Plaintiffs claim that they should not be taxed with the $20.00 witness fee defendant paid to Joe Barker, because Mr. Barker's deposition was not taken.

The file in this case shows that defendant noticed the depositions of Paul Bridges and Joe Barker for February 23, 1977. The depositions of Paul Bridges and Floyd Cockrell were taken on February 23, 1977, but the file does not contain the deposition of Joe Barker.

Defendant states that Mr. Barker was paid a $20.00 witness fee, that Mr. Barker appeared for the deposition on February 23, 1977, that he was interviewed by counsel but that his deposition was not taken. Instead the deposition of Mr. Floyd Cockrell was taken after his identity was revealed by Mr. Barker and Mr. Bridges. Later, defendant and plaintiffs filed a stipulation which set forth the testimony Mr. Barker would give if he was called as a witness. Defendant contends the interview of Mr. Barker on February 23, 1977, materially contributed to the formation of the stipulation. Defendant argues that since Mr. Barker was present on February 23, 1977, for the deposition and since the depositions of Mr. Bridges' and Mr. Cockrell were taken, the $20.00 witness fee for Mr. Barker should be allowed. Defendant argues that the "good faith" rule applied to witnesses who are subpoenaed to testify but do not actually testify at a trial should be applied to Mr. Barker.

The "good faith" rule defendant relies upon, apparently refers to the court's statement in *Morris v. Carnathan*, 63 F.R.D. 374 (N.D.Miss.1974). In *Morris* the court held that a prevailing party could tax the losing party with the witness fee of a witness who was subpoenaed to testify but did not actually testify at the trial. The court stated, "No facts have been submitted to the court upon which the court would be justified in holding that counsel for defendant acted other than in good faith in retaining Godsey at the trial." *Id.* at 377–78. However, in a later case, the court rejected the good faith requirement and adopted the rule that " '[o]rdinarily no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that he was not a necessary witness.' " *Rowland v. Kitchens*, 63 F.R.D. 385, 388 (N.D.Miss.1974), *quoting*, 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2678 at 230 (1973).

The claim for Mr. Barker's witness fee is similar to the situation where a party seeks to tax as costs the witness fee for a witness who was subpoenaed to appear at the trial, who did appear, but who did not testify because the other party at the trial stipulated to the matter that the witness would have testified to. In such a case the presumption that the witness was not needed is overcome and the witness fee for that witness ordinarily can be taxed as costs. In this case Mr. Barker had appeared for the deposition. His deposition was not taken because the parties apparently decided it would be more productive to depose Mr. Cockrell, who had been identified by Mr. Barker. Mr. Barker was interviewed and the parties then stipulated what his testimony would be. Under these circumstances the court finds that the $20.00 witness fee paid to Mr. Barker may be taxed as costs against plaintiffs.

Plaintiffs last objections concern the cost of Dr. John D. Ray's deposition, the $20.00 witness fee paid to Dr. Ray and the $80.00 deposition fee paid to Dr. Ray. Dr. Ray was plaintiffs' expert witness and plaintiffs contend any fees paid to Dr. Ray by defendant and the deposition expense are not taxable as costs.

Dr. Ray's deposition was allowed after defendant filed a motion to compel pursuant to Fed.R.Civ.P. 37. The motion to

compel was referred for hearing and disposition to United States Magistrate J. David Orlansky who issued an order ruling on the motion. The facts relevant to the motion to compel as taken from the file and the Magistrate's order are as follows.

On October 16, 1976, defendant served plaintiffs with interrogatories which asked if plaintiffs had any expert witnesses and if they did, plaintiffs were asked to provide the information allowed by Fed.R.Civ.P. 26(b)(4)(A)(i). Plaintiffs' answers to the interrogatories did not name any expert witnesses. At the pre-trial conference on May 13, 1977, plaintiffs informed defendant that months earlier Dr. Ray had been retained as an expert witness. Plaintiffs were ordered to supplement their answers to defendant's interrogatories. Defendant did not think that the supplemented answers provided all the information Fed.R.Civ.P. 26(b)(4)(A)(i) entitled them to have so they moved to compel.

According to the Magistrate's Memorandum Order the motion to compel asked the court "to compel further answers to certain interrogatories in order to obtain a summary for the grounds for the opinions expressed by the expert, as provided in [Fed. R.Civ.P.] 26(b)(4)(A)(i), . . ., or, in the alternative to take the deposition of the expert for the same purpose." The Magistrate agreed that the supplemented answers to the interrogatories did not provide a summary of the reasons supporting Dr. Ray's opinions as required by the rule and in his order discussed the relief to be granted.

Under Rule 26(b)(4)(A)(ii) the court may, upon motion, order further discovery concerning experts. That includes authorizing the taking of the deposition of the expert. 4 Moore, *supra*, p. 26–483. It is appropriate here for defendant to take the deposition of Dr. Ray. This is so because of the difficulty which plaintiffs' counsel has encountered in obtaining information both from and concerning Dr. Ray. Under the circumstances, to order merely that plaintiffs' further supplement their answers to defendant's inter-

rogatories might well result only in further inconclusive responses. Furthermore, it appears from Dr. Ray's report that he made a physical examination of the combine on January 24, 1976, and it further appears that defendant's expert has had no opportunity to examine the combine and that it is not now available for his examination. Thus, Dr. Ray, in addition to this status as an expert, is also a fact witness who has knowledge of the condition of the combine derived from his personal inspection of it, which will no doubt be useful to defendant's expert in formulating his own conclusions as to the cause of the fire. As provided in Rule 26(b)(4)(C)(i), the defendant shall pay to Dr. Ray a reasonable fee for his time spent in giving his deposition, including time spent in travel to and from the place of taking the deposition.

*Worley v. Massey-Ferguson, Inc.,* Civil Action No. EC 76–72–S (N.D.Miss. June 24, 1977) (Unpublished Memorandum Order).

The court finds that plaintiffs' objection to the cost incident to the taking of Dr. Ray's deposition is not well taken. The deposition was necessary for defendant's preparation in the case and was read by defendant at the trial of the case. The court also finds that under the circumstances of this case, defendant had a reasonable need for a copy of the deposition. The cost of taking the deposition and the cost of a copy of the deposition may be taxed against plaintiffs. 28 U.S.C. § 1920(2); *United States v. Kolesar,* 313 F.2d 835, 840 (5th Cir. 1963). The $20.00 witness fee paid to Dr. Ray is also a taxable cost. 28 U.S.C. §§ 1821, 1920(3).

Whether the $80.00 deposition fee can be taxed against plaintiffs as costs is a more difficult question.

In *Henkel v. Chicago, St. P.M. & O. Ry.,* 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932), the court was presented the question of whether a Minnesota statute, which allowed expert witness fees to be taxed as costs against the losing party, could be applied by a federal district court in Minnesota in a diversity case. After examining 28

U.S.C. §§ 600a–600d, which established the amount to be paid to witnesses for per diem, mileage and subsistence (provisions now found in 28 U.S.C. § 1821), the court ruled:

> Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal Courts.
>
> The Congress has dealt with the subject comprehensively and has made no exception of the fees of expert witnesses. Its legislation must be deemed controlling, and excludes the application in the federal courts of any different state practice.

284 U.S. at 446, 447, 52 S.Ct. at 224, 225. In *Green v. American Tobacco Co.,* 304 F.2d 70 (5th Cir. 1963), the court cited *Henkel* and held "Under . . . 28 U.S.C. § 1821, the district court had no authority to tax costs for compensation to an expert witness in excess of the statutory attendance per day, mileage and subsistence allowance." *Id.* at 77 (footnote omitted). This rule has been applied in subsequent decisions by this circuit[3] and this court.[4]

However, this ruling apparently does not prevent a court from exercising its equitable discretionary authority and awarding as costs the fees of an expert even though the fee exceeds the allowances established in 28 U.S.C. § 1821. For example, the court can tax as costs the expert fee for a court-appointed expert even though it exceeds the statutory subsistence and travel allowance. *See Henkel v. Chicago, St. P.M. & O. Ry.,* 284 U.S. 444, 447, 52 S.Ct. 223, 76 L.Ed. 386 (1931), *citing with approval, Ex Parte Peterson,* 253 U.S. 300, 315, 40 S.Ct. 543, 64 L.Ed. 919 (1920); 6 *Moore's Federal Practice* ¶¶ 54.77[3], 54.77[5–3] at 1737 (2d ed. 1974). Expert witness fees exceeding the limitation of 28 U.S.C. § 1821 have been awarded "when an unfounded action or defense is maintained in bad faith, vexatious-

ly, wantonly, or for oppressive reasons." *Kinnear-Weed Corp. v. Humble Oil & Refining Co.,* 441 F.2d 631, 637 (5th Cir. 1971). And Professor Moore states in his Treatise:

> There is some intimation that the court in the exercise of its general equitable power may permit an additional allowance to be taxed as costs, provided the court is satisfied that the situation is exceptional and the court makes an order to that effect prior to the expert being called.

6 *Moore's Federal Practice* ¶ 54.77[5.–3] at 1735 (2d ed. 1976) (footnote omitted). In support of that statement, Professor Moore cites *Department of Highways v. McWilliams Dreding Co.,* 10 F.R.D. 107 (W.D.La. 1950), *aff'd,* 187 F.2d 61 (5th Cir. 1951). In that case the district court taxed as costs only the statutory witness fee for an expert witness but then stated:

> There is no provision in the statutes, the Rules of Civil Procedure, or those of this court, which permit the indiscriminate summonsing of experts and the payment of such fees as they may see fit to charge. In cases where experts are necessary, counsel can protect his client's interest by prior application to the court, setting forth the nature and importance of the testimony of such witnesses, and upon contradictory hearing, the court may determine which ones shall be permitted and the fees to be paid therefor before they are incurred; otherwise, this type of expense, which often runs into large figures, would be restrained only by the judgment of the particular counsel.

10 F.R.D. at 109.

In *Wade v. Mississippi Cooperative Extension Service,* 64 F.R.D. 102 (N.D.Miss.1974) this court denied expert fees, noting that the expert's testimony was "of probative value . . . and not essential," to plaintiffs' case. *Id.* at 105. In rejecting the plaintiffs attempt to tax as costs the

3. *E. g., Burgess v. Williamson,* 506 F.2d 870, 879 (5th Cir. 1975); *Baum v. United States,* 432 F.2d 85, 86 (5th Cir. 1970); *United States v. Kolesar,* 313 F.2d 835, 837 (5th Cir. 1963).

4. *E. g., Morris v. Carnathan,* 63 F.R.D. 374, 379 (N.D.Miss.1974); *Hentz v. Sacharin,* Civil Action Nos. DC 73–91–K, DC 73–92–K (N.D.Miss. Nov. 22, 1974); *Smith v. Marascalco,* Civil Action No. DC 72–38–K (N.D.Miss. June 11, 1973).

experts' fees the court stated, "Considering these circumstances, it is our view that we should not depart from the customary rule of disallowing fees for experts who are employed by a party without prior sanction or approval of the court." *Id.*

■ Although the court prefers that a party obtain the court's approval before retaining an expert if he wants to include the expert's fee as an item of cost, on rare occasions this court has allowed expert fees exceeding the statutory amount to be taxed as costs even though the party did not get approval from the court before retaining the expert. *E. g., Yarbrough v. Town of Ackerman,* Civil Action No. EC 75–163–K (N.D.Miss. Feb. 25, 1977), *citing with approval, Brooks v. Town of Sunflower,* Civil Action No. GC 71–57–K (N.D.Miss. Mar. 27, 1975), *cited and distinguished in Wade v. Mississippi Cooperative Extension Service,* 64 F.R.D. 102, 105 (N.D.Miss. 1974). *Brooks* was an action against city officials alleging racial discrimination in the furnishing of services to the town's black community. The parties settled the action and plaintiffs filed a bill of costs. Defendants objected to the fee for plaintiffs' expert in excess of the statutory travel and subsistence allowance. The court overruled the objection, concluding

> that the services of a consultant engineer was an absolute necessity for the proper development of plaintiffs' case, since the subject matter was of a technical nature, clearly beyond the knowledge of lay citizens. Although the town had employed engineers, yet it is apparent that they had failed to plan adequately in all respects, since Glancy's [plaintiffs' expert] studies and observations resulted in amendments to the town's plans. While the allowance of a fee for an expert employed by adversary litigants is to be viewed with caution, it is our view that the presentation of plaintiffs' claims required the employment of a consulting engineer to review, analyze, and criticize the plans and technical data prepared by the professional engineers especially employed by the defendants. As it turned

out, these plans needed certain modifications, which Glancy recommended. It is equitable that his services be borne as a cost of the town's project.

*Brooks v. Town of Sunflower,* Civil Action No. GC 71–57–K (N.D.Miss. March 27, 1974) (unpublished Memorandum Opinion). In distinguishing the claim for expert fees in *Wade* from the claim of expert fees in *Brooks,* the court in *Wade* stated:

> In *Brooks,* plaintiffs were wholly dependent upon technical engineering study to contest successfully the sufficiency of the Town's plans for installing a new municipal sanitary sewer system, extending water lines and furnishing other municipal services. Obviously, lay testimony in such a case was inappropriate and it was indispensable for the plaintiffs to obtain technical advice.

64 F.R.D. at 105. *See also Morris v. Carnathan,* 63 F.R.D. 374, 379 (N.D.Miss.1974) ("In the usual and ordinary case expert witness fees in excess of the statutory amount are not allowable as costs.")

This case does not come within any of the above-described exceptions to the general rule that under 28 U.S.C. § 1821 expert witness fees exceeding the statutory allowance are not taxable as an item of costs. Defendant had the opportunity before taking the deposition to ask the court to approve the fee paid to Dr. Ray as an item of cost but did not do so. Defendant does not allege that this lawsuit was maintained in bad faith. From its knowledge of the case, the court finds that the testimony given by Dr. Ray at the deposition was not indispensible for defendant's presentation of its case and therefore this case does not come with the *Brooks* ruling.

Defendant contends that the only reason it paid Dr. Ray the deposition fee was because plaintiffs failed to fully answer the expert witness interrogatories. If plaintiffs had fully answered the expert witness interrogatories, the deposition of Dr. Ray would not have been necessary and defendant would not have been required by the Magistrate to pay Dr. Ray the deposition fee. Under these circumstances, defendant

contends it is unfair for it to bear the expense of Dr. Ray's fee and that equity justifies taxing plaintiffs with the $80.00 deposition fee. The court has considered defendant's argument as asking the court to treat the deposition fee as a discovery expense and to tax that expense against plaintiffs because the discovery was a result of plaintiffs' failure to comply with Fed.R. Civ.P. 26(b)(4)(A)(i).

The deposition was ordered pursuant to Fed.R.Civ.P. 26(b)(4)(A)(ii), (C)(i), which provides in applicable part.

(A) . . . (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

. . . . .

(C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivision (b)(4)(A)(ii) . . . of this rule; . . .

Rule 26(b)(4)(C)(i) was drafted to answer the "argument against discovery of expert information . . . that it is unfair to let one party have what the other party has paid for[,]" and it attempts to do so "by requiring the party seeking discovery to share the cost." 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2034 at 259 (1970) (footnotes omitted); *See* 4 *Moore's Federal Practice* ¶¶ 26.66[1] at 26–471, 26.66[5] (2d ed. 1976).

Although there is no specific provision in Fed.R.Civ.P. 26(b)(4) authorizing the court to require a party other than the discovering party to pay the cost of deposing an expert witness, for the following reasons the court believes that it has the discretionary authority to do so if the facts justify such action.

First, the introductory phrase of Rule 26(b)(4)(C) states that "Unless manifest injustice would result," the discovering party

shall pay the costs, which suggests that the court has the discretionary authority not to require such payment under appropriate circumstances. The Advisory Committee on the rules suggests that the court exercise its authority and allow an indigent party to depose the other party's expert even though the indigent party is unable to compensate the expert for the time spent attending the deposition. Advisory Committee on Rules, *Notes of Advisory Committee on Rules, 1966 Amendment to Rule 26(b)(4), found in,* 28 U.S.C.A. Rules 24–33 at 162; *see* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2034 at 260 (1970).

Second, Fed.R.Civ.P. 26(c) provides in part that "[u]pon motion by a party . . , and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party from . . . undue burden or expense, . . . ." Under this provision the court could have required plaintiffs to pay Dr. Ray for attending the deposition or could require plaintiffs to reimburse defendant for the amount paid Dr. Ray, if the circumstances justify the order. *See* 4 *Moore's Federal Practice* ¶ 26.78 (2d ed. 1976).

Third, the court believes that under Rule 54(d) the court has the authority to tax a party with costs connected with discovery even though there is no specific provision in the Federal Rules of Civil Procedure authorizing the court to do so. *See* *Sprague v. Ticonic National Bank,* 307 U.S. 161, 164–47, 59 S.Ct. 777, 83 L.Ed. 1184 (1938); *Harrington v. Texaco, Inc.,* 339 F.2d 814 (5th Cir. 1964). In *Harrington,* the district court had ordered that a survey be made of the oil well that was the subject of the lawsuit and the order provided that the expense of the survey would be taxed as costs. Neither side objected to the order. The pre-trial conference established the actual cost of the survey but reserved the question of taxability. Neither party objected to the amount established as the cost of the survey. The losing party was taxed with the expense of the survey and raised the issue on appeal. After noting that nei-

ther party had objected to the entry of the order providing for the survey and that the survey benefited all parties, the court stated:

> But in any event, we have no doubt as the acceptability of the taxation of these costs. *While it is true that the rule allowing this kind of discovery, F.R.Civ.P. 34, does not mention costs, the power of the trial Judge to tax as costs the necessary and reasonable expenses incurred in discovery procedures can hardly be doubted.* Under F.R.Civ.P. 54(d), the allowance of costs to the prevailing party is within the discretion of the trial Judge, and his determination will be sustained unless he lacks the power to tax a particular item or abuses his discretion. . . . Since the well survey was obviously the most scientific and reliable way to determine the critical issue in this case, and there being no doubt as to its reasonableness or necessity, there can be no question as to the trial Judge's power to assess this item against the defendants as costs.

339 F.2d at 822 (emphasis added) (footnote omitted)

 The Magistrate allowed the defendant to take the deposition of Dr. Ray because plaintiffs had not provided all the information defendant was entitled to have under Fed.R.Civ.P. 26(b)(4)(A)(i). The Magistrate also noted that since Dr. Ray had examined the combine, he was "also a fact witness who has knowledge of the condition of the combine . . . which will no doubt be useful to defendant's expert. . . . " who had not been able to examine the combine.

The court has examined the deposition of Dr. Ray and finds that it was not limited to the four areas of inquiry prescribed in Rule 26(b)(4)(A)(i). Defendant did not ask questions designed only to reveal reasons for the opinions held by Dr. Ray. Instead the deposition covered a variety of areas and clearly sought information gained by Dr. Ray as a result of his examination of the combine. This information was probably the same information that plaintiffs had retained Dr. Ray to acquire and develop as their expert witness and which Fed.R.Civ.P. 26(b)(4)(C)(i) requires a party to pay for when they seek further discovery under Fed.R.Civ.P. 26(b)(4)(A)(ii). Since defendant did not limit the scope of Dr. Ray's deposition to the four areas of inquiry allowed by Rule 26(b)(4)(A)(i), the court finds that the defendant should be required to bear the cost of the fee paid to Dr. Ray. The objection to the $80.00 deposition fee will be sustained.

Finally a word of advice to the parties about the presentation of legal argument to the court. Local Rule G–8 provides the method and timetable for submitting legal argument. Sending lengthy letters to the court containing piecemeal legal argument does not comply with the local rule and does not present the issues in an orderly fashion.

In summary the court will sustain plaintiffs' objection to the $80.00 deposition fee for Dr. John D. Ray. All other objections will be overruled.

An appropriate order will be entered by the court.